[Cite as *In re R.N.*, 2018-Ohio-5006.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

In re R.N.

Court of Appeals No. L-17-1301

Trial Court No. JC 17261375

DECISION AND JUDGMENT

Decided:  December 14, 2018

* * * * *

Laurel A. Kendall, for appellant.

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

* * * * *

**OSOWIK, J.**

## Introduction

{¶ 1} This appeal concerns a juvenile offender, R.N., who pled no contest to

attempted murder with a firearm specification and aggravated robbery.  The Lucas

County Court of Common Pleas, General Division, accepted the plea, found R.N. guilty and sentenced him to 13 years in prison. On appeal, R.N. challenges the juvenile court's probable causing finding to support the charges and its decision to transfer him from the juvenile court to the general division. As set forth below, we affirm.

**Facts and Procedural History**

{¶ 2} On March 17, 2017, the state filed two complaints in the Lucas County Juvenile Court charging that, on August 23, 2016, R.N., aged 17, committed attempted murder, in violation of R.C. 2903.02(A) and aggravated robbery, in violation of R.C. 2911.01. Both complaints included accompanying firearm specifications under R.C. 2941.145.

{¶ 3} The acts charged were felonies, if committed by an adult, with attempted murder being a "category one" offense and aggravated robbery being a "category two" offense. R.C. 2152.02(AA) and (BB). The allegation that R.N. committed a category one offense at the age of 17 subjected him to the mandatory transfer of his case from the juvenile court to the adult court for criminal prosecution. *See* R.C. 2152.12(A)(1)(a)(i) and 2152.10(A)(1)(a). Likewise, the allegation that R.N. committed a category two offense with a firearm, at the age of 17, also subjected him to mandatory transfer. R.C. 2152.12(A)(1)(b)(ii) and 2152.10(A)(2)(b).

{¶ 4} On March 22, 2017, the state filed a motion for mandatory transfer of jurisdiction to the general division. It also filed a motion for discretionary transfer, pursuant to R.C. 2152.12(B). The reason for the latter motion was because the Ohio

2.

Supreme Court had recently decided, on December 22, 2016, that "[t]he mandatory transfer of juveniles to adult court violates juveniles' right to due process." *State v. Aalim*, 150 Ohio St.3d 463, 2016-Ohio-8278, 83 N.E. 3d 862, paragraph one of the syllabus ("*Aalim I*"). The state sought reconsideration of *Aalim I,* and the high court later stayed execution of it. Therefore, the state, in the instant case, requested that the juvenile court proceed under the discretionary transfer provisions but to grant it leave to proceed under the mandatory transfer provisions, depending on the outcome of the state's motion for reconsideration in *Aalim I.* The juvenile court agreed and, consistent with that plan, ordered an investigation for the purpose of determining whether R.N. was amenable to rehabilitation within the juvenile justice system pursuant to the discretionary transfer statute, R.C. 2152.12(B).

{¶ 5} In the interim, on April 24, 2017, the juvenile court held a probable cause hearing. The victim testified that, on August 23, 2016, he was attacked by two males on the enclosed, front porch of his home, located on Detroit Avenue, in Toledo. The victim recognized the two "kids" from the neighborhood, but he did not know either by name at the time. According to the victim, R.N. pulled out a gun, and when the victim tried to grab it, R.N. shot him. After the gun "went off," R.N. and his accomplice "started asking me what I got. And I [asked] am I supposed to give you something when you shot me? And [R.N.] shot me again." In all, R.N. shot the victim five times (kneecap, twice in the arm, chest, and face), while his accomplice "ransacked" the house. The victim heard R.N. and the accomplice call for a third intruder, named "G", to enter from the back of

3.

the house, but the victim never saw "G." After the fifth gunshot to his mouth, the victim "played dead [a]nd they went through the house and [then] they left" out the back door. Incredibly, the victim was able to get himself next door, where his sister-in-law lives, and he was taken to the hospital.

{¶ 6} Toledo Police Detective Raynard Cooper testified that he had a "quick conversation" with the victim on the night of the shootings but that he was nearly "inaudible" and that hospital staff had to "hold * * * part of his face in order for him to talk." Cooper testified that he thought the victim "mentioned that a G shot him," but he also testified he "couldn't understand what [the victim] was saying." Cooper returned to the hospital a couple of days later. At that time, the victim described the house where he thought the intruder lived who had accompanied R.N., i.e. the one who broke into his front porch with R.N., not "G." From that information, Cooper identified a potential suspect, X.A. and developed a photo array. When shown the array, the victim identified X.A. as one of the assailants "without hesitation." The police then arrested X.A., who confessed to his role in the robbery and identified R.N. as the shooter. Another photo array was created, that included R.N. According to Cooper, when it was shown to the victim, he "jumped up and said, '[t]hat's the chump right here, Cooper.'" A warrant was issued for R.N.'s arrest. At the conclusion of the probable cause hearing, the court found that there was probable cause to believe that R.N. committed the acts charged and that said acts would be felonies if committed by an adult.

4.

**{¶ 7}** On May 25, 2017, the Ohio Supreme Court reconsidered, and overturned *Aalim I*. It found that *Aalim I* "usurped the General Assembly's exclusive constitutional authority to define the jurisdiction of the courts of common pleas by impermissibly allowing a juvenile-division judge discretion to veto the legislature's grant of jurisdiction to the general division of a court of common pleas over this limited class of juvenile offenders." *State v. Aalim*, 150 Ohio St.3d 489, 2017-Ohio-2956, 83 N.E.3d 883, ¶ 3 ("*Aalim II*").

**{¶ 8}** In light of *Aalim II,* the state in this case refiled its motion for a mandatory transfer to the general division of the common pleas court. Following a hearing, the court juvenile found the state's motion well-taken and transferred the case on June 20, 2017.

**{¶ 9}** On July 14, 2017, R.N. was indicted for attempted murder, in violation of R.C. 2923.02, 2903.02(A), and R.C. 2929.02; aggravated robbery, in violation of R.C. 2911.01(A)(1) and (C); aggravated burglary, in violation of R.C. 2911.11(A)(1) and (B); and felonious assault, in violation of R.C. 2903.11(A)(2) and (D). Each count included a firearm specification, pursuant to R.C. 2941.145(A), (B), (C), and (F). R.N. was appointed trial counsel and pled not guilty.

**{¶ 10}** On November 21, 2017, R.N. pled no contest to attempted murder, the firearm specification for attempted murder, and aggravated robbery. The remaining charges were dismissed. The trial court accepted the plea, found R.N. guilty, and ordered a presentence investigation and report. On December 13, 2017, the trial court sentenced

5.

R.N. to 13 years in prison, five years for attempted murder, five years for aggravated robbery and three years for the gun specification, all of which were ordered to be served consecutively to one another.

{¶ 11} Through appointed appellate counsel, R.N. raises two assignments of error:

I. The court's finding of probable cause was against the manifest weight of the evidence.

II. The court abused its discretion when it transferred jurisdiction of this matter to Lucas County Court of Common Pleas, General Division for criminal prosecution of appellant as an adult.

**Probable Cause**

{¶ 12} In his first assignment of error, R.N. asserts that the juvenile court's probable cause finding was "against the manifest weight of the evidence."

{¶ 13} R.C. 2152.12(A)(1) requires the juvenile court to hold a hearing prior to a mandatory transfer to determine if "there is probable cause to believe that the child committed the act charged." In establishing probable cause, the state "must provide credible evidence of every element of an offense before ordering mandatory waiver of juvenile court jurisdiction." *State v. Iacona*, 93 Ohio St.3d 83, 93, 752 N.E.2d 937 (2001). The standard requires "more than a mere suspicion of guilt but [less than establishing] guilt beyond a reasonable doubt." *Id.* On review of a bindover proceeding, this court defers to the trial court's factual determinations but reviews the probable cause

6.

determination, a question of law, de novo. *See In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629, ¶ 44-51.

{¶ 14} In the present case, R.N., who stipulated that he was 17 years old at the time of the offenses, was alleged to have committed attempted murder and aggravated robbery, plus firearm specifications. "The offense of attempted murder requires that appellant attempted to purposely cause the death of another. R.C. 2903.02(A)." *State v. Winters*, 6th Dist. Lucas No. L-12-1041, 2013-Ohio-2370, ¶ 48, 51 (Probable cause found where the evidence established that the shooter first put a gun to the victim's head and then, while they were "still close together to infer that the shooter was attempting to murder him," fired multiple shots, two of which hit the victim.). The firearm specification attaches if "the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense." R.C. 2941.145(A).

{¶ 15} Aggravated robbery, under R.C. 2911.01(A)(1), provides that "[n]o person, in attempting or committing a theft offense, * * * or in fleeing immediately after the attempt or offense, shall * * * have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it."

{¶ 16} Here, R.N. questions the reliability of the victim's testimony because the victim provided "disparate" statements to the police, at first identifying "G" as the

7.

shooter and, a few days later, identifying R.N.  R.N.'s characterization of the evidence is based entirely on the initial report by *Detective Cooper*, who testified that he *thought* the victim identified "G" as the shooter but could not be sure because the victim was nearly incomprehensible having been shot in the mouth.  Moreover, the *victim's testimony* was unequivocal.  He testified (1) that only R.N. had a gun; (2) that "[t]here is no doubt in my mind [that R.N.] shot me all five times;" and (3) that he never saw "G."  Even if the defendant puts forth some alternate theory of the crime, it is not the state's burden to disprove such an alternate theory.  "That question [is] reserved for ultimate adjudication by the trier-of-fact at trial in the general division of the common pleas court."  *State v. Hairston*, 10th Dist. Franklin No. 08AP-735, 2009-Ohio-2346, ¶ 19.

{¶ 17} R.N. also complains that no physical evidence was proffered at the probable cause hearing to tie him to the crimes, such as the weapon, shell casings or fingerprint evidence.  The state was not required to present evidence of guilt beyond a reasonable doubt, however.  That there was some evidence to dispute the state's contention that R.N. was the shooter, does not negate a probable cause finding.  *Iacona* at 96 ("Determination of the merits of the competing prosecution and defense theories, both of which were credible, ultimately was a matter for a factfinder at trial.").

{¶ 18} We find that there was credible evidence presented at the hearing to establish (1) that R.N. purposely attempted to cause the victim's death with a firearm and (2) that R.N. personally used a firearm while committing a theft offense.  Accordingly,

8.

we affirm the juvenile court's probable cause finding to support the charges and the gun specifications. R.N.'s first assignment of error is not well-taken.

{¶ 19} In his second assignment of error, R.N. argues that he was only subject to a mandatory transfer of jurisdiction "if there [was] probable cause to believe that he committed the offenses." (Emphasis in the original.) R.N. concedes that if this court sustains the juvenile court's probable cause finding under the first assignment of error, then the transfer of jurisdiction under R.C .2152.12 was proper. In light of our decision to affirm the juvenile court's probable cause finding, we find that R.N.'s second assignment of error is not well-taken.

{¶ 20} For the reasons expressed above, the June 20, 2017 judgment of the Lucas County Court of Common Pleas, Juvenile Division, and the December 13, 2017 judgment of the General Division are affirmed. R.N. is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                                 _____
                                                   JUDGE
Thomas J. Osowik, J.

Christine E. Mayle, P.J.                                _____
CONCUR.                                                     JUDGE

                                                         _____
                                                   JUDGE

9.

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.