The State of Ohio, Appelllant, *v.* Mitchell, Appellee.

[Cite as State v. Mitchell (1975), 42 Ohio St. 2d 447.]

(No. 74-218—Decided June 11, 1975.)

*Mr. Thomas A. Luebbers,* city solicitor, *Mr. Paul J. Gorman* and *Ms. Dolores J. Hilebrandt,* for appellant.

PAUL W. BROWN, J. The single issue presented by this appeal is whether a Municipal Court, while conducting a preliminary hearing in a felony case, may entertain and grant a motion to suppress evidence as illegally obtained. The Court of Appeals held that such a motion was proper. We reverse.

Crim. R. 12(B)(3) provides:

"Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. The following must be raised before trial:

"* * *

"(3) Motions to suppress evidence, including but not limited to statements and identification testimony, on the ground that it was illegally obtained."

Crim. R. 12(C) provides:

"All pretrial motions except as provded in Rule 7(E) and 16(F) shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions."

In clear and explicit terms, the foregoing provisions require a motion to suppress to be made, not at a preliminary hearing, but after arraignment and before trial. This requirement is further evidenced by the language of Crim. R. 12(J), which conditions an appeal by the state, from the granting of a motion to suppress evidence, on the filing by the prosecuting attorney with "the clerk of the *trial court*" of a timely notice of appeal, along with a certification that "the appeal is not taken for the purpose of delay," but

rather because "the granting of the motion has rendered the state's proof with respect to *the pending charge* so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed." (Emphasis added.)

Crim. R. 12(J) is written with the understanding that motions to suppress in felony cases interrupt a proceeding *by the trial court* in which such felony is a "pending charge."

This court, in propounding Crim. R. 12(B)(3), (C), and (J) attempted to bring Ohio practice into conformity with that of the federal courts. See *Giordenello* v. *United States* (1958), 357 U. S. 480, 484,* and the newly amended F. R. Crim. P. 41. Our use of the language in Crim. R. 5, relied upon by the Court of Appeals, did not alter that intention. It merely reflected our desire to retain the language of R. C. 2937.11, Crim. R. 5(B)(2)'s statutory predecessor. That statute was never construed by this court as allowing motions to suppress at a preliminary hearing. R. C. 2937.11 provided:

"At the preliminary hearing, pursuant to Section 2937.10 of the Revised Code, the prosecutor may, but shall not be required to, state orally the case for the state, and shall then proceed to examine witnesses and introduce exhibits for the state, under the rules of evidence prevailing in criminal trials generally, the accused and the magistrate having full right of cross examination and the accused the right of inspection of exhibits prior to their introduction. On motion of either the state or the accused, witnesses shall be separated and not permitted in the hearing room except when called to testify."

---

*In *Giordenello*, the court stated, at page 484:

"'* * * [T]he commissioner here had no authority to adjudicate the admissibility at petitioner's later trial of the heroin taken from his person. That issue was for the trial court. This is specifically recognized by Rule 41(e) of the [federal] Criminal Rules, which provides that a defendant aggrieved by an unlawful search and seizure may '. . . move the district court . . . to suppress for use as evidence anything so obtained on the ground that . . .' the arrest warrant was defective * * *."

450

R. C. 2937.10 became effective on January 1, 1960. It recognized the difference between preliminary hearings in federal courts, and those same hearings in state courts. At the time R. C. 2937.10 became law, the commissioners who conducted preliminary hearings in the federal courts were not required to be attorneys, while in state courts, on the effective date of this statute, magistrates were for the first time uniformly required to be members of the bar. At that same time, the right to counsel at the preliminary hearing was specifically acknowledged in the Ohio statute. See Meletzke, The New Criminal Preliminary Examination in Ohio: An Historical Contrast, 20 Ohio State L. J. 652.

This change of circumstance, this upgrading of magisterial professionalism, though justifying a more expert appraisal of the evidentiary basis upon which the determination of probable cause is made, did not require exhaustive inquiry into the factual background of arrests, searches, seizures, confessions or identifications, with a view to exposing the prosecutor's total case and determining with finality the constitutional validity of its component parts. Preliminary hearings are not discovery proceedings, and the Municipal Court is an impractical forum for such a task. The prosecutor who performs at that level is often not the prosecutor whose responsibility it will be to marshal evidence sufficient to convict, to respond to the motions contemplated during the period between arraignment and trial, and to appeal in the event the case is seriously damaged by the sustaining of a proper and appealable motion to suppress.

Nevertheless, in exercising the discretion inherent in a determination of probable cause, magistrates are aware that, at the trial level, questionable evidence will be tested. Therefore, evidence introduced at a preliminary hearing which is clearly excludable "under the rules of evidence prevailing in criminal trials generally," should, upon appropriate objection, be excluded by the magistrate in determining whether there is probable cause to believe that a

crime has been committed by the accused. Evidence of doubtful constitutional validity may be accorded lesser weight in reaching such determination. But in neither event may such evidence be suppressed.

This is because the defendant, after the preliminary hearing is concluded, is entitled at best to a discharge from arrest, which discharge under Crim. R. 5(B)(5) is not a bar to further prosecution. A grand jury indictment may still be sought. But to suppress the evidence, with, in some cases, return of the defendant's property, may be fatal to the prosecutor's case. The evidentiary chain linking the defendant and the crime may be jeopardized, for Crim. R. 12(J) does not authorize a prosecutor's appeal from such a ruling at a preliminary hearing.

Our reversal of the judgment of the court below signifies our disagreement with its holding that a motion to suppress lies at the preliminary hearing on a felony charge in the Municipal Court. The prosecutor's remedy would appear to lie, not in an appeal pursuant to Crim. R. 12(J), but in the provision of Crim. R. 5(B)(5) that the defendant's discharge at preliminary hearing is not a bar to further prosecution.

*Judgment reversed.*

HERBERT, CORRIGAN, CELEBREZZE and W. BROWN, JJ., concur.

O'NEILL, C. J., and STERN, J., dissent.

STERN, J., dissenting. The majority asserts that Crim. R. 12(C) and 12(J) require that motions to suppress evidence not be made at a preliminary examination. Crim. R. 12(C) states that motions to suppress, as well as other pretrial motions, "shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier." It is arguable that this language requires that a pre-trial motion cannot be made until after arraignment, although it is also arguable that this language only sets a

final time for the making of pre-trial motions. Crim. R. 12(J) states that "the notice of appeal and the certification by the prosecuting attorney are [to be] filed with the clerk of the trial court * * *" but does not state that motions to suppress should be made in the trial court. Although this language is suggestive, and lends some support to the majority argument, I do not find it persuasive in light of the language and history of Crim. R. 5.

In particular, contrary to the majority, it is clear that in adopting the rules and submitting them to the General Assembly for approval, this court did not intend to bring Ohio into conformity with federal practice in this matter. In 1958, the United States Supreme Court, in *Giordenello* v. *United States* (1958), 357 U. S. 480, held that motions to suppress could not be made before a commissioner at a preliminary hearing. F. R. Crim. P. 41(e) specifically provided for such motions to be made in the district court, and F. R. Crim. P. 5 did not state any evidentiary standards to be applied by commissioners, who were not required to be lawyers.

As the majority states, Ohio, in 1960, upgraded the status of magistrates by requiring that they be lawyers, and at the same time adopted R. C. 2937.11, which was bascially similar to F. R. Crim. P. 5, except that the Ohio rule required that preliminary hearings be "* * * under the rules of evidence prevailing in criminal trials generally * * *." Although this court did not have occasion to construe R. C. 2937.11, it has long been the practice to permit motions to suppress and other pre-trial motions at preliminary hearings.

It was the intent of this court in adopting Crim. R. 5 to continue this practice, and not to adopt the federal rule. In fact, Ohio and the federal courts both considered adopting the other's rule, and both declined. After the federal courts upgraded the status of commissioners (renamed "magistrates") in 1968, Federal Magistrates Act, P. L. 90-578 (Section 631, Title 28, U. S. Code), consideration was given to requiring that the rules of evidence be applied

at federal preliminary hearings. Preliminary Draft of Proposed Rules of Evidence for the United States District Courts and Magistrates, March 1969, 46 F. R. D. 161. This proposal was not adopted and F. R. Crim. P. 5 was amended effective October 1, 1972, and F. R. Crim. P. 5.1 was adopted. F. R. Crim. P. 5.1 contains no language concerning rules of evidence. Rather, it specifically provides that "[o]bjections to evidence on the ground that it was acquired by unlawful means are not properly made at the preliminary examination. Motions to suppress must be made to the trial court as provided in Rule 12."

Very similar language was originally proposed in Ohio's Draft Rules of Criminal Procedure. Rule 5(B) (2), published in the October 11, 1971, Ohio BAR:

"* * * The hearing shall be conducted under the rules of evidence prevailing in criminal trials generally *except that rules excluding evidence on the ground that it was acquired by unlawful means are not applicable. Motions to suppress must be made to the trial court as provided in Rule 12.*" (Emphasis added.)

All of the emphasized language above was deleted from the rule as finally approved by the General Assembly in 1973. The intent of this deletion could only be to apply all the rules of evidence, including those relating to suppression of evidence, at preliminary hearings as at trials, in conformance with the previous practice. Consideration was given to adopting the federal rule, but this was not done. The language and the history of Crim. R. 5 indicate that the intent of that rule is to permit motions to suppress at preliminary hearings. For that reason, I dissent.

O'NEILL, C. J., concurs in the foregoing dissenting opinion.