OPINION
This appeal was brought by the State of Ohio following the dismissal of a felony charge against Appellee, Guillermo Padgett, for failure to register as a sexual offender as required by R.C. § 2950.04. Appellant complains that the lower court exceeded its limited jurisdiction in dismissing the felony charge and that the registration requirements of the statute do not violate theex post facto prohibition found in the United States and Ohio Constitutions. For the following reasons, Appellant's arguments are well-taken and this matter is reversed and remanded to the trial court.
On April 10, 1996, Appellee was convicted of sexual battery in violation of R.C. § 2997.03, a third degree felony. Appellee was sentenced to one year in prison and two years of probation, but was given credit for time served and had the remainder of his one-year prison sentence suspended. At the time, Appellee had no duty to report or register with authorities as a result of this conviction.
In December of that same year, Appellee pleaded guilty to possession of cocaine, a fifth degree felony. Because of the probation violation this later conviction represented, Appellee's original sentence was reimposed. This sentence was ordered to be served consecutively with and prior to the six month sentence imposed for the December conviction. Thus, when Appellee's sentence for the sexual battery conviction ended on January 9, 1997, his sentence for possession of cocaine would have immediately followed. Appellee completed this sentence on July 10, 1997.
On July 1, 1997, the registration requirements for sexual offenders pursuant to newly-enacted R.C. § 2950.04 became effective. In anticipation of this, Appellee was given a form explaining his duties to register pursuant to statute. He was notified that he would have until July 17, 1997 to register as a sex offender with the Mahoning County Sheriff's Department. When he failed to register on time, a warrant was issued for his arrest, alleging a violation of R.C. § 2950.04 (E). Under this law, Appellee was charged with a felony upon arrest based on the fact that his prior conviction for a sexually related offense constituted a felony.
Upon Appellee's initial appearance in Youngstown Municipal Court on July 25, 1997, a preliminary hearing was scheduled to determine whether Appellee should be bound over to the common pleas court. Prior to this hearing, Appellee filed a motion to dismiss alleging that the requirements of R.C. § 2950.04
violated the retroactivity clause of the Ohio Constitution, Section 28, Article II and also violated the ex post facto clause of the United States Constitution, Section 10, Article I. Following legal memoranda by the parties, the trial court judge dismissed the charge. A preliminary hearing was never held.
Appellant timely appealed the trial court decision to grant the motion to dismiss. After several extensions of time within which to file were granted, Appellee failed to file its brief in this matter. Thus, pursuant to App.R. 18 (C), we may reverse if the allegations in Appellant's brief reasonably lead us to this conclusion.
Appellant raises two issues for our review. As its first assignment, Appellant alleges:
 "THE COURT ERRED IN SUSTAINING THE DEFENDANT'S MOTION TO DISMISS AS THE MUNICIPAL COURT LACKED SUBJECT MATTER JURISDICTION."
In its first assignment Appellant argues that a municipal court is given very limited power to proceed with cases charged as felonies pursuant to R.C. 1901.20. This section reads as follows:
 "(B) The municipal court has jurisdiction to hear felony cases committed within its territory. In all felony cases, the court may conduct preliminary hearings and other necessary hearings prior to the indictment of the defendant or prior to the court's finding that there is probable and reasonable cause to hold or recognize the defendant to appear before a court of common pleas and may discharge, recognize, or commit the defendant."
Pursuant to this statute, the procedures involved in preliminary "bindover" hearings are set out in Crim.R. 5 (B). This section states that following the hearing, the municipal court "shall do" one of three things: 1) find probable cause that a felony was committed and bind the alleged felon over to the common pleas court, 2) find probable cause that a misdemeanor was committed and take jurisdiction, or, 3) discharge the accused. For any one of the three, this hearing and this court's initial jurisdiction is limited to a determination of whether there is probable cause to believe the accused committed a crime. Only when no probable cause exists does a court discharge an accused.
In the matter at bar, the State argues that the municipal court had no jurisdiction to hear a motion to dismiss. The State contends that as the municipal court is not the ultimate trier of fact in a felony matter and does not determine guilt or innocence of an accused charged with a felony, the court had no ability to dismiss the felony charges against this Appellee.
While R.C. § 1901.20 (B) and Crim.R. 5 do recognize that in certain cases the accused may be discharged by a municipal court, these both limit the court to a determination based upon "probable cause". Both allow the municipal court to review in a preliminary hearing certain facts and allegations with an eye toward determining whether there is probable cause to believe the accused committed a crime (either a felony or a misdemeanor) or did not commit a crime. This section is silent as to whether the municipal court, at a preliminary hearing or prior to this hearing, may pass upon the constitutionality of a given criminal law and discharge a defendant if the court finds that the law he is accused of violating is unconstitutional, in the opinion of that municipal court.
While no definitive answers to this exact issue may be found in caselaw, we are presented with sufficient guidance therein. InState v. Nelson (1977), 51 Ohio App.2d 31, the Cuyahoga County Court of Appeals was faced with a scenario where the defendants were accused of stealing merchandise from a store and charged with robbery, a second degree felony. At the preliminary hearing, the municipal court determined that probable cause existed to charge the defendants with a misdemeanor instead, and the court took jurisdiction pursuant to Crim.R. 5. However the court did not cause a new complaint on a misdemeanor charge to issue and accepted a plea from the defendants at the preliminary hearing. When the grand jury subsequently indicted the defendants on robbery charges, the defendants claimed that double jeopardy prevented them from being tried and convicted in the common pleas court under the higher charge.
In ruling that double jeopardy did not bar the defendants from being held for trial under the felony charge, the court of appeals determined that the municipal court had been without jurisdiction to hear the matter, in part because it had overstepped its jurisdiction in accepting a plea at the preliminary hearing. In so ruling the court discussed the appropriate role of the municipal court in a preliminary hearing to determine bindover. The court reiterated that the municipal court at a preliminary hearing has one of the three choices discussed earlier herein, but emphasized that the municipal court has no power or ability to determine guilt or innocence at a preliminary hearing. Quoting Jones v. Wells (1931), 123 Ohio St. 516, the Nelson court stated that, "[t]he sole purpose and effect of [the municipal court's] inquiry is to determine whether the accused shall be retained in custody or under bond, or whether he shall be released from custody or bond. By such hearing the accused is not placed in jeopardy . . ." Nelson, supra, at 36.
In emphasizing the truly preliminary nature of the bindover hearing, the court then held that while a municipal court may find probable cause that a misdemeanor has been committed and may thus dismiss the felony charge, it must then cause a new complaint for a misdemeanor to issue before it has jurisdiction to do anything further on the matter.
In the case at bar, Appellant cites erroneously to State v.Perry (1967), 10 Ohio St.2d 175 for the proposition that a motion to suppress may not be heard by the municipal court and that, by extension, a motion to dismiss also may not be heard. Appellant intended to cite to State v. Mitchell (1975), 42 Ohio St.2d 447
for this proposition. In Mitchell, the accused was found in possession of a bag of heroin upon her arrest for disorderly conduct and assault and battery upon a police officer. She was then charged with a felony. Upon preliminary hearing, counsel moved to suppress the evidence. The municipal court granted the motion and then found that there was no basis for the felony charge and dismissed it. The municipal court's actions were upheld on appeal, but reversed by the Supreme Court. The Court looked at Crim.R. 12 (B) (3) which allows an accused to raise any defense, evidentiary matter, objection, etc. which are, "capable of determination without the trial of general issue" to be raised prior to trial by motion. Rule 12 then sets out certain issues which must be raised before trial, among them, motions to suppress and motions based on defects in the complaint or indictment. The Court then reviewed Crim.R. 12 (C), which states, "all pretrial motions except as provided in Rule 7 (E) and 16 (F) [not applicable to either matter] shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions." The Mitchell, supra,
case then stated, at 448:
 "In clear and explicit terms, the foregoing provisions require a motion to suppress to be made, not at a preliminary hearing, but after arraignment and before trial."
The Court then went on to discuss the statutory sections which preceded then-current law as to preliminary hearings and discussed the differences between the state and federal systems. In this discussion, the Court states that when Ohio courts moved from having layperons conduct preliminary inquiries to requiring bar-certified magistrates conduct these hearings,
 ". . . though justifying a more expert appraisal of the evidentiary basis upon which the determination of probable cause is made, did not require exhaustive inquiry into the factual background of arrests, searches, seizures, confessions or identifications, with a view to exposing the prosecutor's total case and determining with finality the constitutional validity of its component parts." Mitchell, supra, at 450.
The Court states that this is due in part to the fact that the best case scenario for an accused at a preliminary hearing is that he be discharged. This discharge does not, however, bar further prosecution at a later date or in another forum which has jurisdiction on the charges.
While cognizant that Mitchell was directed at motions to suppress, we agree with Appellant that the same logic holds true for motions to dismiss based on the constitutionality of a criminal law. The municipal court has issued a ruling, here, which does more than merely discharge the accused for lack of probable cause that he committed this crime. The municipal court actually is attempting to bar later prosecution of this accused based on that court's usurpation of jurisdiction to pass on the law's constitutionality. A municipal court may not do more than merely discharge an accused for lack of probable cause to believe that the accused committed the crime charged at a preliminary hearing, and certainly may not do more prior to this hearing.
Further, using the logic of the Mitchell decision, under Crim.R. 12 (B) and (C) a motion to dismiss a criminal charge may not be brought in a preliminary hearing. Crim.R. 12 (B) (2) states that all defenses and objections grounded on defects in the complaint or indictment fall within the time period set out in (C); that is, they must be filed no earlier than 35 days after arraignment. While it is true that Crim.R. 12 (B) (2) contains an exception for defenses based on failure to show that the court has jurisdiction and failure on the part of the state to actually charge an offense, which may specifically be, "noticed by the court at any time during the pendency of the proceedings," we hold that this exception does not allow an accused to raise at a preliminary hearing or prior to this hearing a motion to dismiss based on the purported unconstitutionality of a criminal law. Pursuant to the reasoning in Mitchell, the municipal court may not rule on an issue which may bar later prosecution of the matter. The municipal court is limited to truly preliminary matters in a bindover hearing and may only discharge if it finds that there is no probable cause to believe that the accused brought before it committed the given criminal offense as that offense is currently written into law.
As we have determined that the municipal court had no jurisdiction to dismiss Appellee prior to or at a preliminary hearing on the basis that the law he is accused of violating may be unconstitutional, we move to Appellant's second assignment of error, which directly addresses that law. As its second assignment of error, Appellant states:
 "THE MUNICIPAL COURT ERRED IN SUSTAINING THE DEFENDANT'S MOTION TO DISMISS IN RULING THAT THE OHIO REVISED CODE SECTION 2950.04 IS AN EX POST FACTO LAW AND DOES NOT APPLY TO THE DEFENDANT-APPELLEE."
At the municipal court level, Appellee argued that R.C. §2950.04 constituted an ex post facto law as applied, because the statute provides additional punishment for a crime for which Appellee has already been punished. Appellant argues that this law, enacted after he was convicted and had served most if not all of his punishment violated his constitutional right not to be retroactively repunished.
We need not go into an exhaustive treatise on this particular issue. The Ohio Supreme Court has ruled on this exact issue inState v. Cook (1998), 83 Ohio St.3d 404, 405, holding that, "R.C. Chapter 2950 is neither impermissibly retroactive nor an ex postfacto law, . . .". Thus, we find Appellant's arguments that the municipal court erred in ruling that the statute was unconstitutional has merit and must be reversed on this basis.
For all of the foregoing, we find merit in both assignments of error advanced by Appellant. We hereby reverse the decision of the Youngstown Municipal Court herein and remand the matter for a preliminary hearing which must be held consistent with the opinion herein.
Vukovich, J., concurs.
Donofrio, J., concurs.
APPROVED:
 ______________________________ CHERYL L. WAITE, JUDGE