[Cite as *State v. Craciun*, 2018-Ohio-5185.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

TRUMBULL COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| | | **CASE NOS. 2017-T-0092** |
| - vs - | : | **2017-T-0093** |
| | | **2017-T-0094** |
| NICHOLAS A. CRACIUN, | : | **2017-T-0095** |
| Defendant-Appellee. | : | |


Criminal Appeals from the Trumbull County Court, Central District, Case Nos. 2016 CRA 00519, 2016 CRB 00520 A, 2016 CRB 00520 C, and 2016 CRB 00520 D.

Judgment: Reversed and remanded.


*Dennis Watkins*, Trumbull County Prosecutor, and *Deena L. DeVico*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellant).

*Marty Nosich*, The Law Offices of Marty D. Nosich, L.L.C., 143 West Main Street, Cortland, OH 44410 (For Defendant-Appellee).


TIMOTHY P. CANNON, J.

{¶1} Appellant, the state of Ohio, appeals from the August 30, 2017 judgment of the Trumbull County Court, Central District, which granted in part the motion to dismiss of appellee, Nicholas A. Craciun, on the basis of qualified statutory immunity. The judgment is reversed, and the matter is remanded for further proceedings.

{¶2} On October 23, 2016, appellee's young daughter attempted to wake him but was unable to do so; 9-1-1 was called for assistance. The call was dispatched to the

Cortland Police Department as a possible overdose. The police responded to appellee's apartment and encountered him conscious but disoriented.

{¶3} The following day, appellee was charged with five offenses: (1) aggravated possession of drugs (Schedule II - Oxycodone), a felony of the fifth degree, in violation of R.C. 2925.11(C)(1); (2) possession of drugs (Schedule IV – Alprazolam), a misdemeanor of the third degree, in violation of R.C. 2925.11(C)(2); (3) possession of marijuana, a minor misdemeanor, in violation of R.C. 2925.11(C)(3)(a); (4) possession of drug paraphernalia, a minor misdemeanor, in violation of R.C. 2925.141; and (5) endangering children, a misdemeanor of the first degree, in violation of R.C. 2919.22(A).

{¶4} Appellee entered a plea of not guilty.[1] With consent of the parties, a preliminary hearing was continued for 30 days, but the hearing was never held.

{¶5} On December 12, 2016, appellee, through counsel, filed a motion to dismiss based upon the immunity from minor drug possession offenses afforded to a qualified individual under R.C. 2925.11(B)(2)(b), which provides:

> (b) Subject to division (B)(2)(f) of this section, a qualified individual shall not be arrested, charged, prosecuted, convicted, or penalized pursuant to this chapter for a minor drug possession offense if all of the following apply:
>
> (i) The evidence of the obtaining, possession, or use of the controlled substance or controlled substance analog that would be the basis of the offense was obtained as a result of the qualified individual seeking the medical assistance or experiencing an overdose and needing medical assistance.
>
> (ii) Subject to division (B)(2)(g) of this section, within thirty days after seeking or obtaining the medical assistance, the qualified individual seeks and obtains a screening and receives a referral for treatment

---

1. We note that appellant could not have been called upon to plead as to the felony charge at his initial appearance. *See* Crim.R. 5(A) ("In felony cases the defendant shall not be called upon to plead either at the initial appearance or at a preliminary hearing.").

from a community addiction services provider or a properly credentialed addiction treatment professional.

(iii) Subject to division (B)(2)(g) of this section, the qualified individual who obtains a screening and receives a referral for treatment under division (B)(2)(b)(ii) of this section, upon the request of any prosecuting attorney, submits documentation to the prosecuting attorney that verifies that the qualified individual satisfied the requirements of that division. The documentation shall be limited to the date and time of the screening obtained and referral received.

{¶6} A "qualified individual" is defined, in relevant part, as "a person who is not on community control or post-release control and is * * * a person who is the subject of another person seeking or obtaining medical assistance for that overdose as described in division (B)(2)(b) of this section." R.C. 2925.11(B)(2)(a)(viii).

{¶7} A "minor drug possession offense" is defined as "a violation of this section that is a misdemeanor or a felony of the fifth degree." R.C. 2925.11(B)(2)(a)(iv).

{¶8} To "seek or obtain medical assistance" "includes, but is not limited to making a 9-1-1 call, contacting in person or by telephone call an on-duty peace officer, or transporting or presenting a person to a health care facility." R.C. 2925.11(B)(2)(a)(ix).

{¶9} In his motion to dismiss, appellee asserted he met the requirements of the statute because he was not on community control or post-release control; he was the subject of another person seeking medical assistance for an overdose; he was charged with only minor drug possession offenses; the controlled substances were discovered as a result of the 9-1-1 call seeking medical assistance; and he provided documentation to the prosecutor that he has been evaluated and sought treatment from an addiction counselor.

{¶10} The state filed a response in opposition that same date. The state asserted the motion should be denied because appellee did not experience an overdose and

3

medical assistance was denied by appellee at the scene. The state also denied receiving any information that appellee had sought or obtained a screening and a referral for treatment from an addiction counselor.

{¶11} On August 30, 2017, the county court granted appellee's motion, in part, without holding an evidentiary hearing. The county court found that the immunity statute applies to the drug offenses at issue even though appellee did not actually experience an overdose, but the entry did not include a finding that appellee was a qualified individual under the statute. The county court dismissed all four of the drug charges, including the felony; only the charge of endangering children remained. The county court's entry, in its entirety, provides as follows:

> This matter came on before the Court upon the Defendant's Motion to Dismiss and the State's Motion in Opposition. The court apologizes for the inordinate delay in issue [sic] this decision. That delay was, in part, the result [sic] new legislation in question therein as well as the dearth of case law and appellate level decision regarding that new legislation.

> The issue is whether Ohio Revised Code, Section 2925.11 prohibits the arrest and prosecution of the charges here, under the qualified immunity section of that statute as set forth in subsection (B)(2)[b].

> It seems undeniable that the 911 calls made here were based upon concern for Defendant's physical condition, and possible overdose; and, but for those calls, there would have been no reason for the authorities to discover Defendant's possession of the drugs in question. This appears to fall squarely within the clear meaning of the statute providing immunity from prosecution.

> However, the state argues that the fact that the Defendant did not, in fact, overdose takes this matter outside the immunity statute. The court disagrees for the reasons stated in Defendant's Motion. Because the call for assistance was prompted by a layman's reasonable concern of possible overdose, the court believes the statute applies. To do otherwise would clearly negate the clear purpose of the statute, to encourage calls for help and prevent the loss of life.

4

> Therefore, as to Case Numbers 2016 CRA 0519, 2016 CRB 0520 A, C & D [the four charges involving drugs or drug paraphernalia], the immunity statute applies, and those cases are ordered dismissed.
>
> However, the state is correct that the immunity statute has no application to the remaining criminal charge at 2015 CRB 0520 B [endangering children], and there is no prohibition against the state proceeding in that case.
>
> Therefore, the Clerk is ordered to schedule a pretrial conference for Case No. 2016 CRB 0520 B.

**{¶12}** The state filed a timely appeal from this entry and raises the following three assignments of error:

> [1.] The court erred when it dismissed four criminal charges.
>
> [2.] The court abused its discretion when it dismissed charges even though the defendant was not subject to the qualified immunity exception to those charges.
>
> [3.] The court erred when it dismissed the charges against Appellee because a county court does not have jurisdiction to dismiss felony charges and accompanying misdemeanor charges.

**{¶13}** In its first assignment of error, the state argues the county court erred in granting the motion to dismiss without having held a hearing and without having evidence upon which to base that ruling. In its second assignment of error, the state contends the county court erred in determining appellee is qualified for statutory immunity based on the lack of evidence.

**{¶14}** We need only consider the state's third assignment of error, however, as it is dispositive of the appeal. The state alleges the county court erred in dismissing the drug charges because it did not have jurisdiction to grant the motion to dismiss the felony charge and accompanying misdemeanor charges.

5

{¶15} "A county court has jurisdiction to conduct preliminary hearings in felony cases, to bind over alleged felons to the court of common pleas, and to take other action in felony cases as authorized by Criminal Rule 5." R.C. 1907.02(A)(1). Criminal Rule 5 provides for the procedure upon a defendant's initial appearance and the procedure for preliminary hearings held in felony cases.

{¶16} "In felony cases a defendant is entitled to a preliminary hearing unless waived in writing." Crim.R. 5(B)(1). "At the preliminary hearing the prosecuting attorney may state orally the case for the state, and shall then proceed to examine witnesses and introduce exhibits for the state. The defendant and the judge or magistrate have full right of cross-examination, and the defendant has the right of inspection of exhibits prior to their introduction." Crim.R. 5(B)(2). "At the conclusion of the presentation of the state's case, defendant may move for discharge for failure of proof, and may offer evidence on the defendant's own behalf." Crim.R. 5(B)(3).

{¶17} "Upon conclusion of all the evidence and the statement, if any, of the accused, the court shall do one of the following:

> (a) Find that there is probable cause to believe the crime alleged or another felony has been committed and that the defendant committed it, and bind the defendant over to the court of common pleas of the county or any other county in which venue appears.

> (b) Find that there is probable cause to believe that a misdemeanor was committed and that the defendant committed it, and retain the case for trial or order the defendant to appear for trial before an appropriate court.

> (c) Order the accused discharged.

> (d) Except upon good cause shown, any misdemeanor, other than a minor misdemeanor, arising from the same act or transaction involving a felony shall be bound over or transferred with the felony case.

6

Crim.R. 5(B)(4).

{¶18} In support of its position on appeal, the state relies on *State v. Padgett*, 7th Dist. Mahoning No. 97 CA 180, 1999 WL 1124759 (Nov. 23, 1999). The procedural posture in *Padgett* is strikingly similar to that of the case sub judice. The defendant was arrested for failure to register as a sex offender, a felony charge due to his prior conviction for a sexually related felony offense. *Id.* at *1. Upon his initial appearance in the municipal court, a preliminary hearing was scheduled to determine whether the defendant should be bound over to the common pleas court. *Id.* Prior to the preliminary hearing, the defendant filed a motion to dismiss on the basis that the law he was accused of violating was unconstitutional. *Id.* The municipal court granted the motion to dismiss before a preliminary hearing was ever held. *Id.* The state of Ohio appealed the decision, arguing the municipal court lacked subject matter jurisdiction to grant the motion to dismiss the felony charge. *Id.*

{¶19} We agree with the state that *Padgett* is the most instructive case on this matter. The trial court in *Padgett* was a municipal court; the trial court here is a county court. Municipal courts are granted very limited power over felony cases. R.C. 1901.20(B) provides:

> The municipal court has jurisdiction to hear felony cases committed within its territory. In all felony cases, the court may conduct preliminary hearings and other necessary hearings prior to the indictment of the defendant or prior to the court's finding that there is probable and reasonable cause to hold or recognize the defendant to appear before a court of common pleas and may discharge, recognize, or commit the defendant.

County courts are granted even more limited power over felony cases: "A county court has jurisdiction to conduct preliminary hearings in felony cases, to bind over alleged

7

felons to the court of common pleas, and to take other action in felony cases as authorized by Criminal Rule 5." R.C. 1907.02(A)(1). For purposes of the issue before us, the analysis provided by the *Padgett* Court applies equally to municipal and county courts.

{¶20} The *Padgett* Court explained that although R.C. 1901.20(B) and Crim.R. 5 recognize that an accused may be discharged by a municipal court, they both limit the court to a "probable cause" determination. *Padgett*, *supra*, at *2. "Both allow the municipal court to review in a preliminary hearing certain facts and allegations with an eye toward determining whether there is probable cause to believe the accused committed a crime (either a felony or a misdemeanor) or did not commit a crime." *Id.* The *Padgett* Court stated that the statute and rule are silent as to whether the municipal court may pass upon the constitutionality of a criminal law and discharge an accused if it finds the relevant law is unconstitutional. *Id.* Similarly here, the statute and rule are silent as to whether a county court may determine whether the statutory requirements for immunity have been met and order the accused discharged.

{¶21} The Court in *Padgett* reiterated that the municipal court's jurisdiction in a preliminary hearing to determine bindover does not include the power or ability to determine guilt or innocence. *Id.* at *3, citing *State v. Nelson*, 51 Ohio App.2d 31, 36 (8th Dist.1977). It then relied on an Ohio Supreme Court case in holding that, just as a motion to suppress may not be heard by a municipal court, by extension, a motion to dismiss may also not be heard.

> In *Mitchell,* the accused was found in possession of a bag of heroin upon her arrest for disorderly conduct and assault and battery upon a police officer. She was then charged with a felony. Upon preliminary hearing, counsel moved to suppress the evidence. The municipal court granted the motion and then found that there was no basis for the felony charge and dismissed it. The municipal court's

8

actions were upheld on appeal, but reversed by the Supreme Court. The Court looked at Crim.R. 12(B)(3) which allows an accused to raise any defense, evidentiary matter, objection, etc. which are, 'capable of determination without the trial of general issue' to be raised prior to trial by motion. Rule 12 then sets out certain issues which must be raised before trial, among them, motions to suppress and motions based on defects in the complaint or indictment. The Court then reviewed Crim.R. 12(C), which states, 'all pretrial motions except as provided in Rule 7(E) and 16(F) [not applicable to either matter] shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions.'

*Id.*, citing *State v. Mitchell*, 42 Ohio St.2d 447 (1975).

{¶22} The Supreme Court then stated: "In clear and explicit terms, the foregoing provisions require a motion to suppress to be made, not at a preliminary hearing, but after arraignment and before trial." *Mitchell*, *supra*, at 448. The Court explained that when Ohio first began to require magistrates to conduct preliminary hearings, rather than laypersons, "though justifying a more expert appraisal of the evidentiary basis upon which the determination of *probable cause* is made, [it] did not require exhaustive inquiry into the *factual background* of arrests, searches, seizures, confessions or identifications, with a view to exposing the prosecutor's total case and determining with finality the constitutional validity of its component parts." *Id.* at 450 (emphasis added). The Supreme Court expounded that "[t]his is because the defendant, after the preliminary hearing is concluded, is entitled at best to a discharge from arrest, which discharge under Crim.R. 5(B) is not a bar to further prosecution." *Id.* at 451.

{¶23} Applying *Mitchell*, the *Padgett* Court stated, "[w]hile cognizant that *Mitchell* was directed at motions to suppress, we agree with Appellant that the same logic holds true for motions to dismiss based on the constitutionality of a criminal law." *Padgett*,

9

*supra*, at *4. Likewise here, we agree with the state that the same logic applies for motions to dismiss based on statutory immunity under R.C. 2925.11(B)(2).

**{¶24}** Just as in *Padgett*, the county court has issued a ruling here "which does more than merely discharge the accused for lack of probable cause that he committed this crime." *Id.* The effect of the county court order is to bar later prosecution of appellant by the common pleas court. The common pleas court, however, is the court with proper jurisdiction to apply R.C. 2925.11(B)(2) to felony and accompanying misdemeanor charges. "A municipal [or county] court may not do more than merely discharge an accused for lack of probable cause to believe that the accused committed the crime charged at a preliminary hearing, and certainly may not do more prior to this hearing." *Id.* Accordingly, the county court lacked jurisdiction to grant appellee's motion to dismiss.

**{¶25}** Appellant's third assignment of error has merit.

**{¶26}** Appellant's first and second assignments of error are moot.

**{¶27}** The judgment of the Trumbull County Court, Central District, is reversed, and this matter is remanded for further proceedings consistent with this opinion.


DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion.
COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion.

**{¶28}** I concur with the judgment that this matter must be reversed and remanded, as the trial court should not have dismissed the drug charges against Craciun. While I

agree with the writing judge's conclusion that the lower court lacked jurisdiction under these particular circumstances, I write separately to address the remaining issues raised by appellant since it is evident the lower court's actions in this matter were inconsistent with the proper handling of the discharge of a defendant.

{¶29} When a municipal or county level court is considering discharging a defendant for any reason that is permissible, it is necessary to provide both parties with the opportunity to present evidence and for the court to fully consider said evidence. This would be the case in both probable cause hearings and in any instances where dismissal may be appropriate.

{¶30} Here, the lower court ruled upon a motion to dismiss based on the grounds of immunity but made its decision without allowing the State to present its arguments and without having any documents in the record to prove certain facts required for immunity. For immunity to apply, it was necessary for Craciun to seek a screening and receive a referral for drug addiction and present documentation of that fact to the prosecutor. Since this documentation is not in the record, it is not evident whether such a screening ever occurred, or at least that it was properly proven to the court. It has been held that where there are claims in a motion to dismiss that would justify review, a court "abuses its discretion when it grants or denies the motion without a hearing." *State v. Dillon*, 181 Ohio App.3d 69, 2009-Ohio-530, 907 N.E.2d 1226, ¶ 17 (2d Dist.). Again, while the trial court improperly determined it had jurisdiction to rule in this case, it must be clearly emphasized that lower courts must follow rules requiring hearings, presentation of evidence, or any other procedure that has been clearly explained and delineated by statute or the appellate courts. Further, had this been a motion to dismiss on a

11

misdemeanor offense over which the lower court had clear jurisdiction pursuant to R.C. 1907.02, it would have been necessary to follow the same procedure.

{¶31} It is incumbent upon the trial court, when weighing evidence before it and determining the appropriateness of discharge, to ensure that all elements of the pertinent offense or defense are met. Here, the trial court, in applying the qualified immunity test, did not require satisfaction of all prongs. The court did not indicate whether it had reviewed any evidence relating to the screening issue, nor did it make any factual findings as to this issue. It has been held that the failure to review the record when ruling on a motion to dismiss is improper. *See State v. Large*, 6th Dist. Ottawa No. OT-15-025, 2016-Ohio-4900, ¶ 13 (where the trial court did not indicate it had reviewed the record in relation to a motion for speedy trial, it erred and the matter was remanded for a hearing). Further, as the State alleged, there was a lack of sufficient factual findings under Crim.R. 48(B), which requires a court dismissing an indictment or complaint over an objection to "state on the record its findings of fact and reasons for the dismissal." While some findings were made, entire portions of the qualified immunity requirements were simply not addressed by the court in its entry. While the dismissal of felony offenses based on qualified immunity may not be permissible under the lower court's jurisdiction, this analysis extends to other instances facing the court, including probable cause determinations as well as motions to dismiss in misdemeanor cases that are properly pending before a municipal/county level court.

{¶32} For the reasons outlined above, and since reversal was necessitated by the lower court's improper dismissal of the drug charges on multiple grounds, I concur in judgment only.

12

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶33} I respectfully dissent.

{¶34} In its first assignment of error, the state argues the trial court erred in dismissing the four criminal drug charges under the Qualified Immunity Statute without holding a hearing or having evidence.

{¶35} "An abuse of discretion standard is appropriate when reviewing a motion to dismiss." *State v. Wantz*, 11th Dist. Geauga No. 2002-G-2482, 2003-Ohio-7203, *2. The term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.)

{¶36} Crim.R. 48, "Dismissal," states:

{¶37} "(B) Dismissal by the Court. If the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal."

{¶38} In *State v. Busch*, 76 Ohio St.3d 613, 615 (1996), the Ohio Supreme Court explained that Crim.R. 48(B) "does not limit the reasons for which a trial judge might dismiss a case, and we are convinced that a judge may dismiss a case pursuant to Crim.R. 48(B) if a dismissal serves the interests of justice."

13

{¶39} In its August 30, 2017 judgment entry, the trial court specifically stated the following:

{¶40} "This matter came on before the Court upon the Defendant's Motion to Dismiss and the State's Motion in Opposition. The court apologizes for the inordinate delay in issue this decision. That delay was, in part, the result new legislation in question therein as well as the dearth of case law and appellate level decision regarding that new legislation.

{¶41} "The issue is whether Ohio Revised Code, Section 2925.11 prohibits the arrest and prosecution of the charges here, under the qualified immunity section of that statute as set forth in subsection (B)(2)(6).

{¶42} "It seems undeniable that the 911 calls made here were based upon concern for Defendant's physical condition, and possible overdose; and, but for those calls, there would have been no reason for the authorities to discover Defendant's possession of the drugs in question. This appears to fall squarely within the clear meaning of the statute providing immunity from prosecution.

{¶43} "However, the state argues that the fact that the Defendant did not, in fact, overdose takes this matter outside the immunity statute. The court disagrees for the reasons stated in Defendant's Motion. Because the call for assistance was prompted by a layman's reasonable concern of possible overdose, the court believes the statute applies. To do otherwise would clearly negate the clear purpose of the statute, to encourage calls for help and prevent the loss of life.

14

{¶44} "Therefore, as to Case Numbers 2016 CRA 0519, 2016 CRB 0520 A, C & D [the four charges involving drugs or drug paraphernalia], the immunity statute applies, and those cases are ordered dismissed.

{¶45} "However, the state is correct that the immunity statute has no application to the remaining criminal charge at 2015 CRB 0520 B [endangering children], and there is no prohibition against the state proceeding in that case. * * *"

{¶46} The state's contention that the trial court erred in failing to hold a hearing is misplaced. Crim.R. 48(B) does not require the court to hold a hearing when it dismisses a case over the state's objection. Rather, the rule only requires the court to state its findings of fact and reasons for the dismissal on the record. *See State v. Carabello*, 8th Dist. Cuyahoga Nos. 105021 and 105022, 2017-Ohio-4449, ¶11. "In the context of a Crim.R. 48(B) dismissal, it is sufficient for a trial court to state its reasons in a journal entry." *Id.* at ¶12, citing *State v. Bales*, 9th Dist. Lorain No. 12CA010311, 2013-Ohio-5780, ¶11.

{¶47} Here, the trial court's August 30, 2017 judgment entry sufficiently sets forth the court's reasons for dismissing the four criminal drug charges. I find the court fulfilled its obligation and complied with Crim.R. 48(B).

{¶48} This writer finds the state's first assignment of error is without merit.

{¶49} In its second assignment of error, the state contends the trial court abused its discretion in dismissing the four criminal drug charges because Mr. Craciun was not subject to the qualified immunity exception. Namely, the state argues that Mr. Craciun did not overdose and that Mr. Craciun presented no evidence showing he met all the necessary requirements listed in R.C. 2925.11(B)(2)(b).

15

**{¶50}** R.C. 2925.11(B)(2)(b), "Drug possession offenses," provides:

**{¶51}** "(b) Subject to division (B)(2)(f) of this section, a qualified individual shall not be arrested, charged, prosecuted, convicted, or penalized pursuant to this chapter for a minor drug possession offense if all of the following apply:

**{¶52}** "(i) The evidence of the obtaining, possession, or use of the controlled substance or controlled substance analog that would be the basis of the offense was obtained as a result of the qualified individual seeking the medical assistance or experiencing an overdose and needing medical assistance.

**{¶53}** "(ii) Subject to division (B)(2)(g) of this section, within thirty days after seeking or obtaining the medical assistance, the qualified individual seeks and obtains a screening and receives a referral for treatment from a community addiction services provider or a properly credentialed addiction treatment professional.

**{¶54}** "(iii) Subject to division (B)(2)(g) of this section, the qualified individual who obtains a screening and receives a referral for treatment under division (B)(2)(b)(ii) of this section, upon the request of any prosecuting attorney, submits documentation to the prosecuting attorney that verifies that the qualified individual satisfied the requirements of that division.  The documentation shall be limited to the date and time of the screening obtained and referral received."

**{¶55}** A "qualified individual" is defined in part as "a person who is not on community control or post-release control and * * * who is the subject of another person seeking or obtaining medical assistance for that overdose as described in division (B)(2)(b) of this section."  R.C. 2925.11(B)(2)(a)(viii).

**{¶56}** A "minor drug possession offense" is defined as "a violation of this section that is a misdemeanor or a felony of the fifth degree." R.C. 2925.11(B)(2)(a)(iv).

**{¶57}** To "seek or obtain medical assistance" "includes, but is not limited to making a 9-1-1 call, contacting in person or by telephone call an on-duty peace officer, or transporting or presenting a person to a health care facility." R.C. 2925.11(B)(2)(a)(ix).

**{¶58}** The record reveals that Mr. Craciun has met the statutory requirements for immunity. Mr. Craciun is a "qualified individual" because nothing in the record shows he is on community control or post-release control and he is the subject of another person seeking medical assistance for a suspected overdose. R.C. 2925.11(B)(2)(a)(viii) and (b)(i)-(iii).

**{¶59}** The state asserts that because Mr. Craciun did not actually overdose, he is not entitled to the protections of the statute. Such a strict interpretation of the statute, however, places a layperson in a position of making an unqualified medical determination.

**{¶60}** Our nation is experiencing an epidemic of drug overdoses and state immunity laws, particularly Ohio in this case, are helpful in encouraging people to call 911 for assistance. A caller is to have a reasonable belief that someone may be experiencing an overdose emergency and is to report such emergency in good faith. *See Drug Overdose Immunity and Good Samaritan Laws*, National Conference of State Legislatures (June 5, 2017).

**{¶61}** The Ohio legislature enacted the law at issue to encourage persons to obtain medical assistance for others, where such assistance may have been delayed or avoided altogether due to the possibility that the individual in need of assistance could

17

face possible criminal charges. The trial court's judgment entry recognized that the "clear purpose of the statute [is to] encourage calls for help and prevent the loss of life."

{¶62} Additionally, the state asserts that nothing in the trial court's judgment entry nor the evidence upon which the trial court made its determination shows that Mr. Craciun was a qualified individual under R.C. 2925.11(B)(2)(a)(viii). The state argues that neither Mr. Craciun, the police, nor the prosecuting attorney introduced Mr. Craciun's criminal history to show that he was not on community control or post-release control. Thus, the court allegedly determined Mr. Craciun's eligibility for qualified immunity without the requisite proof. However, Mr. Craciun's motion to dismiss stated that he was not on community control or post-release control. The state's motion in opposition did not contest this statement, despite the state's access to police reports through open discovery. Crim.R. 16.

{¶63} The state further argues that Mr. Craciun failed to submit evidence of his screening and drug treatment referral pursuant to R.C. 2925.11(B)(2)(b)(ii). However, the prosecuting attorney bears the burden of requesting documentation verifying the screening and referral. R.C. 2925.11(B)(2)(b)(iii); *see State v. Larry E. Brown II*, 4th Dist. Ross No. 17CA3603, 2018-Ohio-2267, ¶41 ("[W]e do not find the trial court's conclusion that appellee satisfied the screening and treatment-referral requirements to be unreasonable or contrary to the plain language of the statute, especially when appellant never requested appellee to submit written documentation to verify the screening and treatment-referral requirements"). The state has not shown that the prosecuting attorney requested screening and referral documents from Mr. Craciun. Also, Mr. Craciun indicated in his motion to dismiss that he submitted documentation showing he went to

18

an addiction counselor for evaluation and treatment. This documentation was not in the court record, but was filed and time-stamped.

**{¶64}** In addition, Mr. Craciun meets the qualifications for immunity from prosecution as he was charged with a fifth-degree felony, misdemeanors, and minor misdemeanors. R.C. 2925.11(B)(2)(a)(iv) and (b). Mr. Craciun's possession of controlled substances was discovered by the state due to a layman's phone call to 911 seeking medical assistance for a suspected overdose. R.C. 2925.11(B)(2)(a)(ix).

**{¶65}** Based on the foregoing, as addressed, the trial court did not abuse its discretion in dismissing the four criminal drug charges based on the qualified immunity exception.

**{¶66}** This writer finds the state's second assignment of error is without merit.

**{¶67}** In its third assignment of error, the state alleges the trial court erred in dismissing the four criminal drug charges because it did not have jurisdiction to dismiss a felony charge and accompanying misdemeanor and minor misdemeanor charges under Crim.R. 5(B)(4).

**{¶68}** Crim.R. 5, "Initial appearance, preliminary hearing," states in part:

**{¶69}** "(B) Preliminary Hearing in Felony Cases; Procedure.

**{¶70}** "* * *

**{¶71}** "(4) Upon conclusion of all the evidence and the statement, if any, of the accused, the court shall do one of the following:

**{¶72}** "* * *

**{¶73}** "(c) Order the accused discharged."

19

**{¶74}** It is the state's position that the four criminal drug charges were improperly dismissed and that the trial court acted beyond its scope of power under Crim.R. 5(B). In support, the state relies on *State v. Padgett*, 7th Dist. Mahoning No. 97 CA 180, 1999 WL 1124759 (Nov. 23, 1999), as "the most instructive case on this matter." (State's Brief p. 9). I note that *Padgett*, a decision from our Sister court, is nearly 20 years old and has no citing references.

**{¶75}** The state relies on *Padgett* for the proposition that a motion to dismiss is not properly heard in a municipal court when there is a felony charge involved and that a municipal court may not do more than merely discharge an accused for lack of probable cause to believe that the accused committed the crime charged. *Id.* at *1, 2, 4. The *Padgett* court stated that Crim.R. 5 recognizes "that in certain cases the accused may be discharged by a municipal court." *Id.* at *2. The *Padgett* court went on to state the following:

**{¶76}** "The municipal court has issued a ruling, here, which does more than merely discharge the accused for lack of probable cause that he committed this crime. The municipal court actually is attempting to bar later prosecution of this accused based on that court's usurpation of jurisdiction to pass on the law's constitutionality. A municipal court may not do more than merely discharge an accused for lack of probable cause to believe that the accused committed the crime charged at a preliminary hearing, and certainly may not do more prior to this hearing." *Id.* at *4.

**{¶77}** *Padgett* does not support a reversal in this case. In fact, contrary to the state's position, Crim.R. 5(B)(4)(c) specifically permits the trial court to "[o]rder the accused discharged." In addition, as addressed, Crim.R. 48(B) grants a trial court the

20

authority to dismiss criminal charges provided that it states its findings of fact and reasons for dismissal on the record, i.e., in a judgment entry. *See Carabello*, *supra*, at ¶11. Again, the trial court's August 30, 2017 judgment entry sufficiently sets forth the court's reasons for dismissing the four criminal drug cases. The court fulfilled its obligation and complied with Crim.R. 48(B) and Crim.R. 5(B)(4)(c).

**{¶78}** This writer finds the state's third assignment of error is without merit.

**{¶79}** As it is this writer's position that the judgment of the trial court should be affirmed, I respectfully dissent.