[Cite as *State v. Burns*, 2020-Ohio-3966.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 108468 |
| v. | : | |
| EDDIE BURNS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 6, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-633923-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and John F. Hirschauer, Assistant Prosecuting Attorney, *for appellee.*

Timothy Young, Ohio Public Defender, and Timothy B. Hackett and Abigail Christopher, Assistant State Public Defenders, *for appellant.*

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Defendant-appellant Eddie Burns brings the instant appeal challenging his convictions for robbery, aggravated burglary, aggravated robbery, receiving stolen property, and attempted murder. Appellant argues that the juvenile court

erred by denying his motion to sever the unrelated counts charged in the complaint for purposes of the probable cause hearing, the state violated his constitutional rights when it indicted him in the General Division of the Cuyahoga County Court of Common Pleas (hereinafter "general division" or "adult court") on counts for which the juvenile court found that the state failed to establish probable cause, the juvenile court erred by denying his motion to suppress, and the juvenile court's probable cause determinations regarding the charges in the complaint were not supported by sufficient credible evidence. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶ 2} The instant appeal pertains to appellant's involvement in six different robberies between August 2017 and February 2018. Aside from one robbery that occurred in Solon, Ohio, the other five incidents took place in the Glenville area near the intersection of East 99th Street and St. Clair Avenue. During the six robberies, appellant victimized four elderly victims and four commercial employees.

## A. Juvenile Court Proceedings

{¶ 3} On March 7, 2018, in Cuyahoga J.C. No. DL-18-102995, appellant was charged in a 58-count complaint in juvenile court. The complaint charged the following offenses: (1) robbery, (2) theft, (3) escape (dismissed by the state on August 28, 2018), (4) assault, (5) attempted murder, (6) aggravated robbery, (7) aggravated burglary, (8) robbery, (9) kidnapping, (10) felonious assault, (11) possessing criminal tools, (12) aggravated robbery with one- and three-year

firearm specifications, (13) aggravated robbery with one- and three-year firearm specifications, (14) kidnapping with one- and three-year firearm specifications, (15) kidnapping with one- and three-year firearm specifications, (16) robbery with one- and three-year firearm specifications, (17) robbery with one- and three-year firearm specifications, (18) having weapons while under disability, (19) theft with one- and three-year firearm specifications, (20) theft with one- and three-year firearm specifications, (21) aggravated robbery and complicity as to the one- and three-year firearm specifications, (22) kidnapping with one- and three-year firearm specifications, (23) robbery with one- and three-year firearm specifications, (24) having weapons while under disability, (25) theft with one- and three-year firearm specifications, (26) theft, (27) identity fraud, (28) telecommunications fraud, (29) misuse of credit cards, (30) aggravated robbery with one- and three-year firearm specifications, (31) kidnapping with one- and three-year firearm specifications, (32) robbery with one- and three-year firearm specifications, (33) grand theft with one- and three-year firearm specifications, (34) theft with one- and three-year firearm specifications, (35) theft, (36) receiving stolen property with one- and three-year firearm specifications, (37) misuse of credit cards, (38) telecommunications fraud, (39) identity fraud, (40) attempted misuse of credit cards, (41) telecommunications fraud, (42) identity fraud, (43) theft, (44) attempted misuse of credit cards, (45) telecommunications fraud, (46) identity fraud, (47) aggravated robbery, (48) aggravated robbery, (49) kidnapping, (50) kidnapping, (51) felonious assault, (52) felonious assault, (53) felonious

assault, (54) felonious assault, (55) aggravated burglary, (56) having weapons while under disability, (57) receiving stolen property, and (58) receiving stolen property.

{¶ 4} Counts 1 through 46 alleged that appellant committed the offenses when he was 15 years old. Counts 47 through 58 alleged that appellant committed the offenses when he was 16 years old.

{¶ 5} The specific facts of the six incidents will be set forth in further detail below. Generally, Counts 1-4 pertained to an August 10, 2017 incident during which appellant attacked 77-year-old J.P. at AJ's Deli & Drive Thru, located at 10301 St. Clair Avenue, Cleveland, Ohio 44108. J.P. was withdrawing money from an ATM machine when appellant punched him in the face, grabbed $20 from him, and ran away.

{¶ 6} Counts 5-11 pertained to a November 13, 2017 incident during which appellant and another individual attacked 87-year-old J.G. inside his home on East 99th Street. Appellant and his accomplice beat J.G., rummaged through his pockets, removed other items from the house, and fled. J.G.'s home is next door to the residence where appellant was residing at the time. J.G. identified appellant in a photo array as one of the two assailants. (Tr. 115-119.)

{¶ 7} Counts 12-20 pertained to a December 28, 2017 incident during which Cleveland 19 Action News employees L.M. and E.W. were robbed at gunpoint in their company truck. L.M. and E.W. were covering a story on East 99th Street. They were approached by three young males wearing ski masks, two brandishing firearms. The males ordered L.M. and E.W. to turn over their cell phones, wallets,

credit cards, and other belongings. Investigators learned that an individual attempted to sell L.M.'s stolen cell phone at Tones Wireless Shop, located at the intersection of East 79th Street and Superior Avenue. Detective Kevin Warnock identified appellant in surveillance video from Tones Wireless Shop.

{¶ 8} Counts 21-29 pertained to a January 8, 2018 incident during which M.R., a Spectrum Cable employee, was assaulted and robbed during a service call on East 93rd Street. M.R. was robbed by two males, one brandishing a handgun. The males ordered him to turn over his phones, tablet, wallet, credit cards, and any other belongings of value. Appellant was identified by an employee at One Stop Shop, located at 10109 St. Clair Avenue, Cleveland, Ohio 44108 using M.R.'s card at an ATM machine.

{¶ 9} Counts 30-36 and 44-46 pertained to a January 21, 2018 incident during which V.F., an Amazon delivery driver, was robbed at gunpoint while making a delivery in Solon, Ohio. V.F. was approached in the driveway by a single assailant wearing a ski mask. There were three vehicles involved in this robbery. The assailant pointed a gun at V.F., and V.F. fled to a nearby residence. The assailant stole V.F.'s sprinter van that contained his wallet, keys, and several packages. Appellant was subsequently identified in surveillance footage from Walmart where he and three other individuals purchased a television with V.F.'s stolen credit card.

{¶ 10} Counts 37-43 do not constitute one of the six robberies for which appellant was charged. Counts 37 and 38 involve offenses committed in Lake County on January 21, 2018. Count 39 pertains to an offense committed against

V.F. in Lake County. Counts 40 and 41 pertain to alleged offenses committed in Lake County on January 21, 2018. Count 42 pertains to an offense committed against V.F. in Lake County on January 21, 2018. Count 43 pertains to an offense committed against victim A.K. in Lake County.

{¶ 11} Counts 47-58 pertained to a February 7, 2018 incident during which 76-year-old D.W. and 81-year-old W.W. were attacked and robbed at their home on East 99th Street. Appellant attacked D.W. as she was unloading groceries in her driveway and demanded money from her. When W.W. came out of the house to protect his wife, appellant began attacking him. Appellant ran off with D.W.'s wallet. Appellant returned, initially to ask W.W. for their bank code, and a second time to ask D.W. for her PIN number. Shortly after the assault and robbery, appellant was detained by Officer Daniel McCandless in the basement of a home on East 99th Street. Appellant was in possession of D.W.'s credit cards. D.W., who encountered appellant in the driveway before the assault and robbery, identified appellant as the individual that attacked her and her husband.

{¶ 12} The state filed a motion to transfer jurisdiction of the case from the juvenile court to the general division for criminal prosecution pursuant to R.C. 2152.10(B), governing discretionary bindover. The state also filed a motion for mandatory bindover. The juvenile court set a probable cause hearing on the state's motion to transfer for August 28, 2018.

{¶ 13} On May 24, 2018, defense counsel filed a motion to sever the counts in the complaint pursuant to Crim.R. 8, 12(C)(5), and 14, and R.C. 2941.04. Defense

counsel's motion additionally requested that Counts 37-43 be dismissed under R.C. 2938.10 for lack of jurisdiction. Regarding severance, defense counsel argued that (1) joinder of the offenses charged in the complaint was improper because the offenses did not meet the requirements under Crim.R. 8, (2) appellant would be unfairly prejudiced by joinder, and (3) the state cannot refute appellant's claim of prejudicial joinder under the joinder or other acts tests. Regarding the Crim.R. 8 requirements for joinder, defense counsel contended that the offenses charged in the complaint were not committed in the same neighborhood, the items stolen during the robberies were different, and the robberies were not carried out the same way.

{¶ 14} Defense counsel filed a motion to suppress on August 20, 2018. Therein, defense counsel argued that any identifications of appellant should be suppressed because the identification procedures were unreliable.

{¶ 15} The juvenile court addressed defense counsel's motions during the August 28, 2018 hearing. First, regarding defense counsel's motion to sever, the juvenile court found that joinder was permissible under Crim.R. 8(A). (Tr. 12.) The juvenile court explained,

> [t]he offenses are of similar character and the offenses appear to be a part of a course of criminal conduct.
>
> Moreover, [appellant] would not be prejudiced by the presentation of evidence to the Court.
>
> Unlike the cases that [defense counsel cited], the complaint is not being tried to a jury. It's being tried to the Court.

So the rationale behind including joinder to a jury is because the jury may become confused and present an unfavorable impression of the alleged delinquent when there's a number of offenses that are tried in one hearing.

The Court is required and equipped to separate the evidence from each offense and analyze it accordingly. So the same danger that exists with respect to including joinder for a number of offenses for a jury does not exist for the Court[.]

(Tr. 12-13.)

{¶ 16} The juvenile court denied defense counsel's motion to suppress pursuant to *State v. Mitchell*, 42 Ohio St.2d 447, 329 N.E.2d 682 (1975), and *In re C.G.*, 8th Dist. Cuyahoga No. 97950, 2012-Ohio-5286. The court explained that defense counsel's motion to suppress was improper at the probable cause stage of the proceedings. (Tr. 13-14.)

{¶ 17} The juvenile court held a hearing on the state's motion to transfer jurisdiction on August 28 and 29, 2018. Appellant, appellant's attorney and guardian ad litem ("GAL"), and the prosecuting attorneys appeared at the hearing. The state presented the testimony of 19 witnesses and submitted various exhibits to the juvenile court in support of its motion to transfer. The state orally moved to dismiss Count 3 of the complaint, and the juvenile court granted the state's motion. The defense rested without presenting any testimony or evidence.

{¶ 18} On September 4, 2018, the juvenile court issued a judgment entry regarding the state's motion to transfer jurisdiction in which the court set forth its probable cause determinations on the 58 counts charged in the complaint. The juvenile court found that the state established probable cause on Counts 1, 2, 4, 6, 7,

8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 25, 26, 27, 28, 29, 36,[1] 37, 38, 39, 40, 41, 42, 43, 46, 47, 49, 50, 51, 52, 54, and 55. The juvenile court found that the state failed to establish probable cause on Counts 5, 24, 30, 31, 32, 33, 34, 35, 44, 45, 48, 53, 56, 57, and 58.

{¶ 19} The juvenile court ordered a full investigation to determine whether appellant was amenable to juvenile rehabilitation, and the juvenile court ordered the juvenile court's clinic to conduct a psychological evaluation of appellant. The juvenile court set the matter for an amenability hearing on October 4, 2018.

{¶ 20} The juvenile court conducted an amenability hearing on October 4, 2018. Following the amenability hearing, the case was transferred from juvenile court to the general division for criminal prosecution.

**B. General Division: Cuyahoga C.P. No. CR-18-633923-A**

{¶ 21} Appellant was bound over to the general division by way of a CIF on October 23, 2018. On October 31, 2018, a Cuyahoga County Grand Jury returned a 56-count indictment against appellant that mirrored the 58-count complaint filed in juvenile court. Appellant was arraigned on November 15, 2018. He pled not guilty to the indictment.

{¶ 22} On February 8, 2019, appellant filed a motion to sever Counts 1-3, 4-10, 11-19, 20-28, 29-44, and 45-56 from one another pursuant to Crim.R. 12(C)(5), 8, and 14, and R.C. 2941.01. Appellant argued that the counts should be severed

---

[1] The juvenile court nolled the one- and three-year firearm specifications underlying Count 36.

from one another "to ensure he receives a fair trial." The trial court held a hearing on appellant's motion to sever on February 27, 2019. The trial court granted appellant's motion to sever in part. The trial court severed Counts 11-44, pertaining to the commercial employee victims, from Counts 1-10 and 45-56, pertaining to the elderly victims.

{¶ 23} On March 12, 2019, appellant filed a motion to suppress "any and all pre-trial and in-court identifications[.]" Appellant argued that the admission of the unreliable identification evidence would violate his due process rights. Before the trial court ruled on appellant's suppression motion, the parties reached a plea agreement.

{¶ 24} On March 14, 2019, appellant pled guilty to (1) Count 1, robbery, as charged in the indictment; (2) Count 6, aggravated burglary, as charged in the indictment; (3) an amended Count 11, aggravated robbery, with a one-year firearm specification (three-year firearm specification was deleted); (4) Count 20, aggravated robbery, with one- and three-year firearm specifications, as charged in the indictment; (5) an amended Count 29, aggravated robbery, with a one-year firearm specification (three-year firearm specification was deleted); (6) an amended Count 35, receiving stolen property (one-year firearm specification was deleted); (7) Count 45, attempted murder, as charged in the indictment; (8) Count 46, attempted murder, as charged in the indictment; (9) Count 47, aggravated robbery, as charged in the indictment; and (10) Count 55, receiving stolen property, as charged in the indictment. The remaining counts and specifications were nolled.

{¶ 25} The parties agreed that Counts 46 and 47 merged as allied offenses for sentencing purposes. The state elected to sentence appellant on Count 46. As part of the plea agreement, the parties agreed to recommend a sentencing range of 12 to 30 years in prison. The trial court accepted appellant's guilty plea and set the matter for sentencing. The trial court issued a nunc pro tunc journal entry on March 21, 2019, to accurately reflect the offenses to which appellant pled guilty during the change of plea hearing.

{¶ 26} The trial court held a sentencing hearing on March 21, 2019. The trial court imposed an aggregate prison sentence of 27 years, which was within the jointly recommended sentencing range of 12 to 30 years in prison under the parties' plea agreement.

{¶ 27} On April 19, 2019, appellant filed the instant appeal challenging the trial court's judgment. He assigns six errors for review:

> I. The Cuyahoga County Juvenile Court violated [appellant's] right to a fair hearing when it permitted the prosecutor to join — and denied [appellant's] motion to sever — 58 unrelated delinquency counts.
>
> II. The state violated [appellant's] statutory and constitutional rights when it criminally indicted him on counts that were never transferred to adult court, due to the State's failure to establish probable cause.
>
> III. The juvenile court erred as a matter of law and violated [appellant's] right to due process when it summarily denied his motion to suppress unconstitutional pretrial and in-court identifications.
>
> IV. The juvenile court erred when it failed to evaluate the quality and reliability of the state's key identification evidence.
>
> V. The juvenile court's probable cause determinations were unsupported by the sufficiency and manifest weight of the evidence.

VI. The cumulative effect of the errors in this case deprived [appellant] of his right to a fair hearing in both juvenile and adult court.

## II. Law and Analysis

### A. Motion to Sever

{¶ 28} In his first assignment of error, appellant argues that the juvenile court erred by denying his motion to sever the unrelated counts in the complaint, and that the juvenile court's ruling violated his right to a fair probable cause determination and hearing on the state's motion to transfer jurisdiction of the case from juvenile court to the general division.

{¶ 29} Joinder is governed by Crim.R. 8. Pursuant to Crim.R. 8, two or more offenses may be joined when the offenses "are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct." Generally, pursuant to Crim.R. 8(A), the law favors joining multiple offenses in a single trial if the offenses charged are of the same or similar character. *State v. Lott*, 51 Ohio St.3d 160, 163, 555 N.E.2d 293 (1990). Joinder is favored for several reasons, including avoiding multiple trials, conserving time and expense, diminishing the inconvenience to witnesses, and minimizing the possibility of incongruous results in successive trials before different factfinders. *State v. Torres*, 66 Ohio St.2d 340, 421 N.E.2d 1288 (1981); *see also State v. Echols*, 8th Dist. Cuyahoga No. 102504, 2015-Ohio-5138, ¶ 10 (joinder is preferable where not unduly prejudicial).

{¶ 30} The defendant bears the burden of demonstrating that he or she would be prejudiced by joinder and that the trial court abused its discretion in denying severance. *State v. Saade*, 8th Dist. Cuyahoga Nos. 80705 and 80706, 2002-Ohio-5564, ¶ 12, citing *State v. Coley*, 93 Ohio St.3d 253, 754 N.E.2d 1129 (2001), and *State v. LaMar*, 95 Ohio St.3d 181, 191-192, 767 N.E.2d 166 (2002). A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 31} Initially, appellant argues that the juvenile court erred by failing to entertain arguments from the parties with respect to the motion to sever during the probable cause hearing. In support of his argument, appellant directs this court to *State v. Frazier*, 8th Dist. Cuyahoga No. 83024, 2004-Ohio-1121 ("*Frazier I*").

{¶ 32} In *Frazier I*, the defendant was indicted in two separate cases of several sex crimes involving two different child victims. On appeal, this court reversed the joinder of the two cases, concluding that but for the jury hearing the "otherwise inadmissible testimony" regarding the rape of the first victim, it was unlikely that the jury would have found the defendant guilty of attempting to rape the second victim. *Id.* at ¶ 19. This court explained that it was likely that the jury "concluded that appellant had a propensity to commit the same crime against [the second victim] on evidence that would otherwise be insufficient to support a conviction for attempted rape." *Id.* In finding that the trial court abused its discretion in consolidating the offenses pertaining to the two victims for trial, this

court acknowledged that "[t]he trial court refused to consider appellant's arguments [that he would be prejudiced by the consolidation of the offenses for trial and that the testimony of the two victims would be used to bolster the testimony of the other victim] or to even hold a hearing on the admissibility of other acts testimony." *Id.* at ¶ 20.

{¶ 33} Appellant's reliance on *Frazier I* is misplaced. *Frazier I* does not stand for the proposition that a trial court is required to entertain oral arguments from the parties regarding a motion to sever, or that a trial court errs or abuses its discretion in ruling upon a motion without first entertaining oral arguments. Furthermore, unlike *Frazier I*, the record reflects that the juvenile court considered the arguments raised in appellant's motion to sever before ruling on the motion.

{¶ 34} As noted above, the juvenile court concluded that joinder of the 58 counts in the complaint was permissible under Crim.R. 8(A) because the offenses were "of similar character and the offenses appear to be a part of a course of criminal conduct." (Tr. 12.) Furthermore, because the evidence during the probable cause hearing would be presented to the juvenile court, rather than a jury, the court found that appellant would not be prejudiced by joinder of the offenses.

{¶ 35} After reviewing the record, we are unable to find that the trial court's judgment denying appellant's motion to sever was unreasonable, arbitrary, or unconscionable. The record reflects that the 58 offenses with which appellant was charged in the complaint were generally of the same or similar character, and constituted a common scheme or plan, or were part of a course of criminal conduct.

{¶ 36} The six incidents occurred within a six-month timeframe. During the six robberies, appellant or his accomplices either violently assaulted the victims or ordered the victims to comply at gunpoint. With the exception of the January 21, 2018 incident in Solon, the other five incidents occurred in the neighborhood where appellant was residing, near the intersection of East 99th Street and St. Clair Avenue. Appellant targeted four elderly victims and four commercial employee victims.

{¶ 37} Appellant or his accomplices used physical force to carry out four of the six robberies. In three of the six robberies, appellant or his accomplices used a firearm to carry out the robberies. Appellant or his accomplices wore ski masks during two of the robberies.

{¶ 38} Appellant or his accomplices would steal or order the victims to turn over anything of value, including phones and wallets. The credit cards that were stolen from L.M., M.R., and V.F. were used immediately after the robberies to make various purchases. These facts were sufficient to establish that the six robberies constituted a common scheme or plan or were part of a course of criminal conduct.

{¶ 39} Furthermore, appellant has failed to meet his burden of establishing prejudice by joinder of the offenses. As the juvenile court recognized, the probable cause determination is made by the juvenile court, not a jury. There is no indication in the record that the juvenile court was confused by or incapable of separating the charges pertaining to the six incidents or the evidence pertaining to each charge. *See State v. Frazier*, 8th Dist. Cuyahoga Nos. 106772 and 106773, 2019-Ohio-1433, ¶ 13

("*Frazier II*"), citing *State v. Thomas*, 8th Dist. Cuyahoga No. 90623, 2008-Ohio-6148, ¶ 34.

**{¶ 40}** Even if appellant was able to demonstrate prejudice resulting from the joining of the offenses at the probable cause hearing, the simple and direct nature of the evidence relating to each individual charge negated any prejudice. If a defendant makes a claim for prejudicial joinder, the state may rebut a defendant's claim by showing that the evidence of each joined offense is "simple and direct." If the state is able to make this showing, a defendant's claim of prejudicial joinder will fail. *State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80, ¶ 61. Where the evidence of the joined offenses is "uncomplicated," such that the factfinder is "capable of segregating the proof" required to prove each offense, a defendant is not prejudiced by joinder of the offenses. *State v. Lunder*, 8th Dist. Cuyahoga No. 101223, 2014-Ohio-5341, ¶ 33.

**{¶ 41}** In the motion to sever filed on appellant's behalf in the juvenile court, defense counsel acknowledged that "each of the alleged incidents has a distinct set of victims, evidence, witnesses, and detectives" and that there would be no overlapping testimony by any of the witnesses. Motion to sever at p. 11.

**{¶ 42}** In the instant matter, we find that the six robberies for which appellant was charged were simple and straightforward. *See State v. Williams*, 8th Dist. Cuyahoga Nos. 94321, 94322, and 94323, 2011-Ohio-316, ¶ 16. Similarly, the evidence pertaining to each robbery was simple and direct. The victims' testimony and the testimony of the investigating officers during the probable cause hearing

was straightforward. The state's witnesses provided detailed testimony about the separate incidents, and the record reflects that the evidence pertaining to each victim and each offense was separate and distinct, and easily capable of being segregated. The thorough and extensive findings of fact issued by the juvenile court at the close of the probable cause hearing demonstrate the court's ability to segregate the evidence pertaining to each individual count. (*See* tr. 404-430.) Finally, the fact that the juvenile court determined that the state failed to establish probable cause for Counts 5, 24, 30, 31, 32, 33, 34, 35, 44, 45, 48, 53, 56, 57, and 58 supports that the juvenile court was not confused by the state's evidence and was capable of separating the evidence related to each individual charge.

{¶ 43} For all of the foregoing reasons, appellant's first assignment of error is overruled. The juvenile court did not err or abuse its discretion in denying appellant's motion to sever the counts charged in the complaint.

## B. Jurisdiction

{¶ 44} In his second assignment of error, appellant argues that his statutory and constitutional rights were violated when he was indicted by a Cuyahoga County Grand Jury on counts for which the juvenile court determined that the state failed to establish probable cause. Appellant contends that "[w]here a juvenile court makes a finding of no probable cause [pursuant to R.C. 2152.12(B)], the general division lacks subject-matter jurisdiction to indict, try, and convict a child on those counts." Appellant's brief at 19. Accordingly, appellant argues that his convictions

corresponding to Counts 5, 24, 30, 31, 32, 33, 34, 35, 44, 45, 48, 53, 56, 57, and 58 of the juvenile court complaint must be vacated.

{¶ 45} As an initial matter, although appellant identifies Count 46 in his brief as a charge for which the juvenile court found no probable cause, the record reflects that the juvenile court did, in fact, find probable cause on Count 46. Furthermore, we note that appellant only pled guilty to two counts that corresponded to counts charged in the juvenile court complaint for which the juvenile court found no probable cause. Appellant pled guilty in the general division to Count 29 of the indictment, which corresponded to Count 30 of the juvenile court complaint. Appellant also pled guilty to Count 55 of the indictment, which corresponded to Count 57 of the juvenile court complaint. The remaining counts of the indictment that corresponded to counts charged in the juvenile court complaint for which the juvenile court found no probable cause (Counts 5, 24, 31, 32, 33, 34, 35, 44, 45, 48, 53, 56, and 58) were dismissed pursuant to the plea agreement.

{¶ 46} Because Counts 5, 24, 31, 32, 33, 34, 35, 44, 45, 48, 53, 56, and 58 were dismissed by way of the parties' plea agreement, appellant is unable to demonstrate prejudice. *See Frazier II*, 8th Dist. Cuyahoga Nos. 106772 and 106773, 2019-Ohio-1433, at ¶ 30, citing *State v. Lenard*, 8th Dist. Cuyahoga No. 99149, 2013-Ohio-1995, ¶ 19; *State v. Smith*, 8th Dist. Cuyahoga No. 107899, 2019-Ohio-4671, ¶ 20. Accordingly, we will determine whether appellant's convictions on Counts 29 and 55 of the indictment must be vacated.

The Juvenile Division of the Court of Common Pleas has exclusive original jurisdiction to hear complaints that allege a juvenile is delinquent because he committed an offense that would be a crime if committed by an adult. *State v. Fryerson*, 8th Dist. Cuyahoga No. 71683, 2000 Ohio App. LEXIS 456, 9 (Feb. 10, 2000). However, certain juvenile court cases can be transferred for criminal prosecution to the General Division of the Common Pleas Court. This transfer is also referred to as a bindover transfer to the adult court. R.C. 2152.12(A)(1). There are two types of bindover transfers: mandatory and discretionary. R.C. 2152.10. * * *

Following a hearing where the state introduces evidence showing probable cause that the child committed the alleged crimes, the child is eligible for a discretionary bindover pursuant to R.C. 2152.10(B). *See* Juv.R. 30. All children eligible for a discretionary bindover are not transferred for prosecution in the adult court. A juvenile court must first follow the procedures outlined in R.C. 2152.12 to determine if transfer is appropriate. *Johnson v. Sloan*, 154 Ohio St.3d 476, 2018-Ohio-2120, 116 N.E.3d 91, ¶ 6.

*State v. Hennings*, 8th Dist. Cuyahoga Nos. 108043, 108044, and 108045, 2019-Ohio-4675, ¶ 8-9.

{¶ 47} Absent a proper bindover, the juvenile court has exclusive subject-matter jurisdiction over any case involving an allegedly delinquent child. *Wilson*, 73 Ohio St.3d 40, 44, 652 N.E.2d 196 (1995). If the juvenile court fails to comply with the mandatory requirements of the bindover statute, the juvenile court's transfer of the case to the general division is ineffective, and any judgment issued by the general division is void. *Johnson v. Timmerman-Cooper*, 93 Ohio St.3d 614, 617, 752 N.E.2d 1153 (2001).

{¶ 48} The instant matter involves a discretionary bindover. As noted above, the state filed motions for mandatory and discretionary bindover. The attempted murder offense charged in Count 5 appears to be the only basis upon which the state

requested mandatory bindover. Although appellant was charged with several category two offenses, the category two offenses with which appellant was charged when he was 16 years old did not require mandatory transfer under R.C. 2152.10(A)(2)(a) or (b). During the state's closing argument at the probable cause hearing, the prosecutor asserted that the November 13, 2017 incident involving J.G. and the attempted murder offense charged in Count 5 would subject appellant to mandatory bindover. (Tr. 382.) Subsequently, the prosecutor confirmed that appellant was 15 years old at the time of the J.G. incident and, as a result, appellant was not subject to mandatory bindover. (Tr. 405.)

{¶ 49} The juvenile court explained that if the state established probable cause on the offenses charged in the complaint, an amenability hearing would be scheduled because none of the offenses charged in the complaint subjected appellant to a mandatory bindover. (Tr. 406.) In its October 22, 2018 judgment entry, the juvenile court granted the state's motion for discretionary transfer and transferred the matter to the general division "pursuant to R.C. 2152.12(B)."

{¶ 50} In this appeal, appellant's second assignment of error is premised entirely on the proposition that if the juvenile court determines that the state failed to establish probable cause on an offense, that offense should be dismissed and the state should not have a second opportunity to prosecute the defendant for the same offense in adult court. Alternatively, appellant appears to suggest that the offenses for which the juvenile court found probable cause should be transferred to adult court for criminal prosecution, and the offenses for which the juvenile court found

no probable cause should remain in juvenile court, resulting in two separate prosecutions for multiple charges arising from the same or similar set of facts, or the same course of criminal conduct. After reviewing the record, we disagree and find appellant's arguments to be misplaced.

{¶ 51} R.C. 2152.12(B), governing discretionary bindovers, provides,

Except as provided in division (A) of this section, after a complaint has been filed alleging that a child is a delinquent child for committing an act that would be a felony if committed by an adult, the juvenile court at a hearing may transfer the case if the court finds all of the following:

(1) The child was fourteen years of age or older at the time of the act charged.

(2) There is probable cause to believe that the child committed the act charged.

(3) The child is not amenable to care or rehabilitation within the juvenile system, and the safety of the community may require that the child be subject to adult sanctions. In making its decision under this division, the court shall consider whether the applicable factors under division (D) of this section indicating that the case should be transferred outweigh the applicable factors under division (E) of this section indicating that the case should not be transferred. The record shall indicate the specific factors that were applicable and that the court weighed.

{¶ 52} R.C. 2152.12(I) provides,

Upon the transfer of a case under division (A) or (B) of this section, the juvenile court shall state the reasons for the transfer on the record, and shall order the child to enter into a recognizance with good and sufficient surety for the child's appearance before the appropriate court for any disposition that the court is authorized to make for a similar act committed by an adult. The transfer abates the jurisdiction of the juvenile court with respect to the delinquent acts alleged in the complaint, and, upon the transfer, all further proceedings pertaining to the act charged shall be discontinued in the juvenile court, and the case then shall be within the jurisdiction of the court to which it is

transferred as described in division (H) of section 2151.23 of the Revised Code.

{¶ 53} This court has held that pursuant to R.C. 2152.12(I), the juvenile court does not have authority to dismiss counts charged in a complaint based on the state's failure to establish probable cause. *Frazier II*, 8th Dist. Cuyahoga Nos. 106772 and 106773, 2019-Ohio-1433, at ¶ 39. This court explained,

> R.C. 2152.12(I) does not afford a juvenile court with the authority to dismiss counts on the basis of whether or not the state has established probable cause. Indeed, the state's bindover motion, pursuant to R.C. 2152.10, does not allow or explicitly empower the juvenile court with this authority. The issue before the juvenile court is whether or not "there is probable cause to believe that the child committed the act charged." R.C. 2152.12(B)(2). If the juvenile court finds probable cause, the bindover motion is granted, and the matter is transferred to the adult court. *See State v. Whisenant*, 127 Ohio App.3d 75, 81, 711 N.E.2d 1016 (11th Dist.1998) (noting that the bindover proceedings are not adjudicative in that the juvenile's guilt or innocence is not at issue).

*Id.*

{¶ 54} In *Frazier II*, the defendant-appellant was charged in a 28-count complaint in juvenile court. The offenses charged in the complaint involved mandatory and discretionary bindover offenses. The state filed a motion for mandatory bindover pursuant to R.C. 2152.10(A) seeking to transfer Frazier's case to adult court. Following a probable cause hearing, the juvenile court determined that the state failed to establish probable cause on the mandatory bindover offense (Count 7, aggravated robbery) in order to transfer the case under R.C. 2152.10(A). The juvenile court determined that the state demonstrated probable cause on 21 of the 28 counts charged in the complaint, subjecting Frazier to discretionary bindover. As a result, the juvenile court converted the state's bindover motion to a

motion for discretionary bindover pursuant to R.C. 2152.10(B). Following an amenability hearing, the juvenile court transferred the matter to the adult court, and Frazier was indicted on all 28 counts as originally charged in the juvenile complaint.

{¶ 55} On appeal, Frazier argued that the general division court lacked subject-matter jurisdiction to indict and convict him on Counts 7 through 13 because those charges had already been dismissed by the juvenile court for lack of probable cause. This court rejected Frazier's argument, concluding that the general division had jurisdiction over all counts transferred by the juvenile court, including the counts on which the juvenile court found the state failed to establish probable cause, pursuant to R.C. 2152.12(I) because all of the charges in the juvenile court complaint were committed as part of the same course of conduct. *Id.* at ¶ 46-47, citing *State v. Mays*, 2014-Ohio-3815, 18 N.E.3d 850 (8th Dist.), and *State v. Smith*, 9th Dist. Summit No. 26804, 2015-Ohio-579, ¶ 22.

{¶ 56} In the instant matter, appellant acknowledges this court's holding in *Frazier II*, but argues that *Frazier II* was "wrongly decided," a "doctrinal aberration," and not controlling precedent. We disagree, and find no reason to divert from this court's holding in *Frazier II*. Frazier appealed this court's decision to the Ohio Supreme Court, and the Ohio Supreme Court declined to accept jurisdiction of Frazier's appeal.[2] *State v. Frazier*, 2019-Ohio-3331, 129 N.E.3d 453. Accordingly, *Frazier II* remains controlling precedent in this district.

---

[2] Appellant raised two propositions of law: (1) in a juvenile bindover case, the general division of a common pleas court does not have subject-matter jurisdiction over

**{¶ 57}** As noted above, appellant was charged in a 58-count juvenile complaint for his involvement in six separate robberies. The robberies were committed between August 2017 and February 2018. The state filed a motion to transfer the case to the general division. The juvenile court held a probable cause hearing during which the state dismissed Count 3 of the complaint. The juvenile court found that the state established probable cause on 42 of the 58 counts charged in the complaint. The juvenile court found that the state failed to establish probable cause on 15 of the 58 counts.

**{¶ 58}** Following an amenability hearing, the juvenile court granted the state's motion for discretionary bindover pursuant to R.C. 2152.12(B) and transferred the matter to the general division. Thereafter, the state presented the facts to the grand jury, and the grand jury returned a 56-count indictment against appellant that mirrored the 58-count complaint charged against appellant in juvenile court, including the counts for which the juvenile court determined that the state failed to establish probable cause.

**{¶ 59}** Based on the facts and circumstances under which the juvenile court in this case transferred the matter to the general division, *Frazier* is directly on point.

**{¶ 60}** Here, like *Frazier II*, appellant argues that the adult court lacked jurisdiction to indict and convict him on Counts 29 and 55 because the juvenile court

counts retained by the juvenile court; and (2) the state may not criminally indict a child on charges for which it failed to establish probable cause in juvenile court.

determined that the state failed to demonstrate probable cause. Accordingly, we must determine whether Counts 29 and 55 were part of a course of conduct, such that the general division had jurisdiction over these counts pursuant to R.C. 2152.12(I). Offenses arising from the "'same course of conduct' have been defined as 'offenses that through their similarity, regularity and time between them are concluded to be part of a single episode, spree, or ongoing series of offenses.'" *Mays,* 2014-Ohio-3815, 18 N.E.3d 850, ¶ 28, fn. 2, quoting *United States v. Sheehan,* D.Montana No. CR 09-13-M-DWM, 2009 U.S. Dist. LEXIS 99800 (Oct. 27, 2009).

{¶ 61} Count 29 of the indictment, which corresponded to Count 30 of the juvenile court complaint, charged appellant with aggravated robbery pertaining to the January 21, 2018 robbery of V.F. in Solon, Ohio. Count 55 of the indictment, which corresponded to Count 57 of the juvenile court complaint, charged appellant with receiving stolen property in relation to the February 7, 2018 robbery of D.W. and W.W. at their home on East 99th Street.

{¶ 62} As set forth in the analysis of appellant's first assignment of error, the record reflects that the 58 offenses with which appellant was charged in the complaint were generally of the same or similar character, and constituted a common scheme or plan, or were part of a course of criminal conduct. The six robberies occurred within a six-month timeframe. During the six robberies, appellant or his accomplices either violently assaulted the victims or ordered the victims to comply at gunpoint. With the exception of the January 21, 2018 robbery in Solon, the other five incidents occurred in the immediate neighborhood where

appellant was residing, near the intersection of East 99th Street and St. Clair Avenue.

{¶ 63} Appellant targeted four elderly victims and four commercial employee victims. Appellant or his accomplices used force to carry out the robberies of the elderly victims. Appellant or his accomplices used firearms to carry out the robberies of the commercial employee victims.

{¶ 64} Regarding the use of force to carry out the robberies of the elderly victims, appellant punched J.P. in the face at the ATM before stealing his money. Appellant and his accomplice brutally beat J.G. inside his home. Appellant brutally beat D.W. and W.W. in their driveway before stealing D.W.'s wallet. Appellant or his accomplices also used force to carry out the robbery of M.R. because he was shoved against his truck before his valuables were stolen.

{¶ 65} Regarding the use of firearms to carry out the three robberies involving the commercial employee victims, two black handguns were used during the robbery of L.M. and E.W. A silver revolver was used during the robbery of M.R. A black handgun was used during the robbery of V.F. Ski masks were worn during the robberies of L.M. and E.W. and V.F.

{¶ 66} Appellant or his accomplices would steal or order the victims to turn over anything of value, including phones and wallets. The credit cards that were stolen from L.M., M.R., and V.F. were used immediately after the robberies to make various purchases.

{¶ 67} These facts were sufficient to establish that the six robberies constituted a common scheme or plan or were part of a course of criminal conduct. Accordingly, pursuant to R.C. 2152.12(I), we find that the general division had jurisdiction over all counts transferred by the juvenile court, including Counts 29 and 55, even though the juvenile court found no probable cause on the corresponding counts in the juvenile complaint (Counts 30 and 57), because all of the charges in the juvenile complaint were part of the same course of conduct. *Frazier II*, 8th Dist. Cuyahoga Nos. 106772 and 106773, 2019-Ohio-1433, at ¶ 47.

{¶ 68} In *Smith*, 8th Dist. Cuyahoga No. 107899, 2019-Ohio-4671, this court applied the *Frazier II* rationale. Smith was charged in an eight-count complaint with two counts of first-degree felony aggravated robbery, grand theft, fifth-degree felony theft, misdemeanor theft, two counts of failure to comply, and having weapons while under disability. The aggravated robbery, grand theft, and felony theft counts contained one- and three-year firearm specifications. The juvenile court found probable cause to believe that Smith committed the two aggravated robbery counts and the grand theft count. The juvenile court found no probable cause on the firearm specifications underlying the aggravated robbery and grand theft counts or the remaining five counts charged in the complaint. Following an amenability hearing, the juvenile court transferred the matter to adult court pursuant to a discretionary, not a mandatory bindover. Smith was then indicted on the same eight counts for which he was charged in the juvenile court complaint.

{¶ 69} On appeal, Smith argued that the adult court lacked subject-matter jurisdiction to indict him on the five counts and firearm specifications for which the juvenile court found that the state failed to establish probable cause. This court rejected Smith's argument, explaining that like the juvenile court in *Frazier II*, the juvenile court

> did not have the authority to dismiss counts on the basis of whether or not the state has established probable cause. Therefore, Smith's argument that Counts 4, 6, 7, and 8 were dismissed by the juvenile court is not an accurate procedural characterization. *Frazier* [*II*] at ¶ 38. Once the matter was transferred to the general division under R.C. 2152.12(I), it was within the grand jury's province to consider and even return an indictment on charges that were not originally filed in the juvenile complaint. As we found in *Frazier* [*II*], R.C. 2152.12(I) provides the general division with jurisdiction over Count 7 (even with the juvenile court's finding as to probable cause) and the other eight counts. *Id.* at ¶ 38. Moreover, Count 7 was part of a "course of conduct." Indeed, all of the charges in Smith's juvenile complaint were part of "the same course of conduct" because the similarity of the offenses are considered as part of a single crime spree. *Id.* at ¶ 47, citing *Mays*; [] *Smith*, 9th Dist. Summit No. 26804, 2015-Ohio-579. As a result, the general division had jurisdiction over all the counts in the indictment, including Counts 4, 6, 7, and 8.

*Smith* at ¶ 33.[3]

{¶ 70} In the instant matter, like *Smith*, the general division had jurisdiction over all of the counts in the indictment that were associated with the counts charged in the juvenile court complaint, including Counts 29 and 55 of the indictment, pursuant to R.C. 2152.12(I). Furthermore, like *Smith*, all 58 counts charged in the juvenile complaint, including Counts 29 and 55, were part of the same course of

---

[3] On May 12, 2020, the Ohio Supreme Court accepted Smith's appeal for review. Case No. 2019-1819, *State v. Smith*, 2020-Ohio-2819, 144 N.E.3d 448.

conduct based on the similarities of the six robberies and the circumstances under which they took place.

{¶ 71} Finally, to the extent that appellant argues that his due process rights or protection against double jeopardy were violated when he was indicted by the grand jury for counts that the juvenile court found no probable cause, appellant's argument is misplaced. *See State v. Hicks*, 8th Dist. Cuyahoga No. 83981, 2005-Ohio-1842, ¶ 13, citing *State v. Salmon*, 8th Dist. Cuyahoga Nos. 43328 and 43329, 1981 Ohio App. LEXIS 13495 (May 21, 1981), *State v. Sims*, 55 Ohio App.2d 285, 380 N.E.2d 1350 (8th Dist.1977) ("a juvenile bindover proceeding is not adjudicatory in nature. As a consequence, being bound over to the court of common pleas and then convicted in the court of common pleas does not constitute double jeopardy."). *See also State v. Payne*, 118 Ohio App.3d 699, 704-705, 693 N.E.2d 1159 (3d Dist.1997) (jeopardy does not attach to a preliminary or probable cause hearing).

{¶ 72} For all of the foregoing reasons, we find no merit to appellant's assertion that the state is precluded from prosecuting him on charges for which the juvenile court determined the state failed to establish probable cause. Appellant's second assignment of error is overruled.

## C. Motion to Suppress

{¶ 73} In his third assignment of error, appellant argues that the juvenile court erred in denying his motion to suppress. On August 20, 2018, defense counsel

filed a motion to suppress any pretrial and in-court identifications of appellant on the basis that the identifications were not reliable.

{¶ 74} During the August 28, 2018 probable cause hearing, the juvenile court denied defense counsel's motion to suppress pursuant to *Mitchell*, 42 Ohio St.2d 447, 329 N.E.2d 682, and *In re C.G.*, 8th Dist. Cuyahoga No. 97950, 2012-Ohio-5286. The court explained that defense counsel's motion to suppress was improper at the preliminary, probable cause stage of the proceedings. (Tr. 13-14.)

> "[A] probable cause hearing held before a juvenile court's transfer to adult court is a preliminary, non-adjudicatory proceeding[.]" *Matter of B.W.*, 2017-Ohio-9220, 103 N.E.3d 266, ¶ 18 (7th Dist.), citing *Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975), fn. 18, and *State v. Carmichael*, 35 Ohio St.2d 1, 7-8, 298 N.E.2d 568 (1973). *Accord State v. Gilbert*, 6th Dist. Lucas No. L-03-1273, 2005-Ohio-2350, ¶ 11; *In re A.M.*, 139 Ohio App.3d 303, 308, 743 N.E.2d 937 (8th Dist.2000); *Whisenant*, 127 Ohio App.3d [at] 85, 711 N.E.2d 1016. This proceeding is non-adjudicatory because "the juvenile court's function is not to determine whether the juvenile is guilty of the charge[,] but is to determine whether there is probable cause to believe the juvenile is guilty." (Emphasis omitted.) *B.W.* at ¶ 18, citing *State v. Iacona*, 93 Ohio St.3d 83, 93, 752 N.E.2d 937 (2001).
>
> Because a probable cause hearing is non-adjudicatory, the evidence presented at a probable hearing need not meet the same rigorous standards for admissibility at trial. *See Whisenant* at 85, quoting *In re Ralph M.*, 211 Conn. 289, 559 A.2d 179 (1989) ("'[statutory and] constitutional questions concerning the admissibility of [a juvenile's] statements raised by the [state], while relevant at a later adjudicatory proceeding, are not appropriate for resolution at a transfer [i.e., bindover] hearing'"). *See also B.W.* at ¶ 41, 48 (holding that the confrontation clause standards for the admissibility of evidence and the Ohio Rules of Evidence do not apply to probable cause hearings that are held prior to transferring a juvenile to adult court); *State v. Grays*, 1st Dist. Hamilton No. C-790914, 1981 Ohio App. LEXIS 12488 (Jan. 14, 1981) ("it cannot seriously be argued that testimony inadmissible at trial under the rules of evidence cannot be considered in a preliminary proceeding such as [a probable cause hearing in

juvenile court]").  *See generally Brinegar v. United States*, 338 U.S. 160, 174, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949) (discussing the different standards and latitude allowed in determining probable cause versus guilt and indicating a lesser standard is required for probable cause).

*State v. Starling*, 2d Dist. Clark No. 2018-CA-34, 2019-Ohio-1478, ¶ 26-27.

{¶ 75} In *Whisenant*, the appellate court explained that because probable cause hearings are not adjudicatory in nature, "statutory and constitutional questions concerning the admissibility of evidence *are premature and need not be addressed.*" (Emphasis added.)  *Whisenant*, 127 Ohio App.3d at 85, 711 N.E.2d 1016.  As such, the Eleventh District held that "[f]undamental fairness and due process are not violated by the juvenile court's failure to rule on or to suppress evidence obtained in alleged violation of *Miranda* [*v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)] in [a probable cause, bindover] proceeding."  *Id.* In other words, evidence that might otherwise be suppressed at trial on the basis of a constitutional violation is admissible during a juvenile court's probable cause hearing.  *Starling* at ¶ 29, citing *Whisenant.*

{¶ 76} In *Mitchell*, upon which the juvenile court relied in denying defense counsel's motion to suppress, the Ohio Supreme Court held that motions to suppress evidence should not be made at preliminary hearings, and only become ripe for determination after arraignment and prior to trial.  *Id.* at syllabus.  *Mitchell* did not involve a probable cause or bindover hearing in juvenile court.  Defense counsel moved to suppress evidence during a preliminary hearing in adult court during

which the trial court was tasked with making a probable cause determination under

Crim.R. 5. *Starling* at ¶ 29, citing *Mitchell* at 450-451.

> Although the Supreme Court of Ohio has made it clear that "the juvenile court must evaluate the quality of the evidence presented by the state in support of probable cause as well as any evidence presented by the respondent that attacks probable cause[,]" *Iacona*, 93 Ohio St.3d at 93, 752 N.E.2d 937, citing *Kent v. United States*, 383 U.S. 541, 563, 86 S.Ct. 1045, 16 L.Ed.2d 84 [(1966)], such an evaluation does not include entertaining motions to suppress. *Mitchell* at 450-451. In *Mitchell*, the Supreme Court noted that only evidence that is "clearly excludable under the rules of evidence prevailing in criminal trials" should, upon appropriate objection, be excluded by a magistrate when determining whether there is probable cause to believe a crime has been committed, but that such evidence may never be suppressed. *Id.* at 451.

*Starling* at ¶ 30.

{¶ 77} In the instant matter, the juvenile court's August 2018 probable cause

hearings were substantially similar in nature to the probable cause hearing in

*Mitchell,* 42 Ohio St.2d 447, 329 N.E.2d 682. *See Starling*, 2d Dist. Clark No. 2018-

CA-34, 2019-Ohio-1478, at ¶ 29. As a result, pursuant to *Mitchell*, defense counsel's

motion to suppress was not properly before the juvenile court at the time of the

probable cause hearings. This court has also held that alibis and suppression

motions are not to be addressed during a juvenile court's probable cause hearing.

*In re C.G.*, 8th Dist. Cuyahoga No. 97950, 2012-Ohio-5286, at ¶ 39, fn. 2.

{¶ 78} Finally, we note that defense counsel filed a boilerplate motion to

suppress without specific references to the facts or circumstances of the case. In

support of his argument that any identifications of appellant should be suppressed

as unreliable, defense counsel generally asserted that law enforcement

may have conducted pre-trial, out-of-court photo spreads, line ups or cold stands at which certain witnesses may have identified [appellant]. Any resulting identifications were obtained in violation of [appellant's fundamental right to due process of law, since the circumstances surrounding the purported identification were so highly suggestive and inappropriate as to compel a finding of unreliability and fundamental unfairness.

Appellant's motion to suppress, filed August 20, 2018, at p. 2.

{¶ 79} Defense counsel did not specify which law enforcement agency or agencies administered the unreliable identification procedures, which witnesses identified appellant in the identification procedures, or how the procedures or identifications were unreliable.

{¶ 80} For all of the foregoing reasons, appellant's third assignment of error is overruled. The juvenile court did not err in denying appellant's motion to suppress.

## D. Probable Cause Determinations

{¶ 81} Appellant's fourth and fifth assignments of error pertain to the juvenile court's probable cause determinations.

### 1. Standard of Review

The Ohio Supreme Court has instructed that "the state must present credible evidence of every element of an offense to support a finding of probable cause, but that evidence does not have to be unassailable." *In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629, ¶ 46, citing *Iacona*, 93 Ohio St.3d 83, 752 N.E.2d 937. The Supreme Court further explained, the juvenile court's role in bindover proceeding is that of a "gatekeeper" because it is "charged with evaluating whether sufficient credible evidence exists" to warrant transfer to adult court.

*Id.*, citing *In re A.J.S.*, 173 Ohio App.3d 171, 2007-Ohio-3216, 877 N.E.2d 997 (10th Dist.).

A juvenile court's probable cause determination in a bindover proceeding involves questions of both fact and law. *A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629, at ¶ 51. An appellate court will defer to the juvenile court's "determinations regarding witness credibility, but [will] review de novo the legal conclusion whether the state presented sufficient evidence to demonstrate probable cause to believe that the juvenile committed the acts charged." *Id.* "The 'probable' component of the probable cause determination means that the state must produce evidence that 'raises more than a mere suspicion of guilt, but need not provide evidence proving guilt beyond a reasonable doubt.'" *State v. Taylor*, 8th Dist. Cuyahoga No. 106502, 2018-Ohio-3998, ¶ 4, quoting *A.J.S.* at ¶ 42.

*State v. Hughley*, 8th Dist. Cuyahoga No. 108518, 2020-Ohio-1277, ¶ 35-36.

{¶ 82} In the instant matter, the parties stipulated that appellant was at least 14 years old when he committed the offenses charged in the complaint.

## 2. Identification Evidence

{¶ 83} In his fourth assignment of error, appellant reiterates his assertion that the juvenile court erred by finding that defense counsel's motion to suppress was not properly before the court at the probable cause hearing. Appellant further argues that the juvenile court's probable cause determinations were invalid because the court "expressly declined to assess the reliability and credibility of the government's identification evidence[.]" Appellant's brief at 31.

{¶ 84} As noted above, the Ohio Supreme Court has held that the juvenile court is required to evaluate the quality of the state's evidence supporting probable cause, and any evidence presented by the defense challenging the existence of probable cause. *Iacona*, 93 Ohio St.3d at 93, 752 N.E.2d 937. As an initial matter,

to the extent that appellant argues that the juvenile court accepted the state's identification evidence as credible and reliable on the same basis that it summarily denied defense counsel's motion to suppress, appellant's argument is unsupported by the record. The record reflects that the juvenile court gave due consideration to the identification issues.

{¶ 85} First, regarding the juvenile court's probable cause determinations on Counts 5-11, appellant takes issue with J.G.'s identification of appellant from a photo array. During the probable cause hearing, defense counsel objected to J.G.'s identification from the photo array on the basis that it was presented to J.G. on two occasions, and as a result, the photo array was unduly suggestive. The juvenile court recognized that suppression motions were not properly raised during a probable cause hearing. (Tr. 370-371; 410-411.) However, the juvenile court went on to consider the process used to administer the photo arrays to J.G.

{¶ 86} The juvenile court concluded that J.G.'s identification was valid. The juvenile court explained that a photo array can be presented to a witness twice, provided that the photo arrays are presented by a blind administrator. Based on the testimony presented by the state, the juvenile court concluded that both photo arrays were presented to J.G. by a blind administrator. (Tr. 411.)

{¶ 87} The juvenile court's findings regarding the photo arrays presented to J.G. and J.G.'s identification of appellant indicate that the juvenile court evaluated the quality and credibility of J.G. and his identification of appellant. We defer to the juvenile court's credibility determination in this respect because the juvenile court

is in a much better position to assess credibility than this court. *See In re C.G.*, 8th Dist. Cuyahoga No. 97950, 2012-Ohio-5286, at ¶ 39.

{¶ 88} Second, regarding the juvenile court's probable cause determinations on Counts 12-20, appellant appears to argue that the juvenile court failed to consider the fact that L.M. did not identify appellant in a photo array, and identified a different individual. Appellant's argument is misplaced.

{¶ 89} In its probable cause findings, the juvenile court found that the state established probable cause that appellant was one of the participants in the December 28, 2017 robbery. The juvenile court set forth thorough findings in support of its probable cause determination. The juvenile court explained that L.M.'s description of the height of the assailant that pointed a gun at her, 5′6″ or 5′7″, was consistent with appellant's height; L.M.'s description of this assailant's clothing was consistent with the clothing appellant is seen wearing approximately two hours later in surveillance video from Tones Wireless Shop; and L.M.'s description of appellant's skin tone, darker skinned, was consistent with appellant's skin tone. Furthermore, appellant was in possession of the telephone stolen from L.M. and used the PIN provided by L.M. during the robbery to unlock the phone. (Tr. 413-414.) Regarding appellant's argument that L.M. failed to identify appellant from a photo array and identified another individual, the state had no burden to disprove alternate theories of the case at a probable cause, bindover proceeding. *See A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629, at ¶ 61, citing *Iacona* 93 Ohio St.3d at 96, 752 N.E.2d 937. The evidence presented by the state was

sufficient to establish probable cause to believe that appellant committed the offenses related to the December 28, 2017 robbery.

{¶ 90} For all of the foregoing reasons, appellant's fourth assignment of error is overruled.

### 3. Sufficiency

{¶ 91} In his fifth assignment of error, appellant argues that the juvenile court's probable cause determinations were against the sufficiency of the evidence.

{¶ 92} As noted above, the state must present sufficient, credible evidence of every element of an offense to support a finding of probable cause. In order to establish probable cause, the state must present "some credible evidence as to each and every element of the offense." *Iacona*, 93 Ohio St.3d at 92-93, 752 N.E.2d 937. The "'some credible evidence'" standard is flexible, grounded in probabilities, and requires more than a mere suspicion of guilt but much less evidence than is required to establish guilt beyond a reasonable doubt. *See id.* at 93, quoting *Brinegar*, 338 U.S. at 175, 69 S.Ct. 1302, 93 L.Ed. 1879. The probable cause standard requires the juvenile court to "evaluate the quality of the evidence presented by the state in support of probable cause as well as any evidence presented by the respondent that attacks probable cause." *Iacona* at 93.

{¶ 93} In the instant matter, the state presented the testimony of 19 witnesses during the probable cause hearing. Appellant, on the other hand, did not present any testimony or evidence challenging the existence of probable cause.

## a. Complicity Findings

{¶ 94} Appellant argues that the state failed to present sufficient evidence to support the juvenile court's complicity findings on Counts 12-17 and 20-25.

### i. Counts 12-17 and 20

{¶ 95} Appellant argues that the state failed to present sufficient evidence to support the juvenile court's complicity findings on Counts 12-17 and 20. These counts pertained to the December 28, 2017 robbery of Cleveland 19 Action News employees L.M. and E.W. As noted above, the juvenile court found probable cause on Counts 12-17 and 20.

{¶ 96} Appellant was charged with the following offenses in Counts 12-17: (12) aggravated robbery with one- and three-year firearm specifications, (13) aggravated robbery with one- and three-year firearm specifications, (14) kidnapping with one- and three-year firearm specifications, (15) kidnapping with one- and three-year firearm specifications, (16) robbery with one- and three-year firearm specifications, (17) robbery with one- and three-year firearm specifications, and (20) theft with one- and three-year firearm specifications.

{¶ 97} As noted above in the analysis of appellant's fourth assignment of error, the juvenile court found that the state established probable cause that appellant was one of the participants in the December 28, 2017 robbery. The evidence presented by the state was sufficient to establish probable cause to believe that appellant committed the offenses related to the December 28, 2017 robbery.

{¶ 98} In regard to Count 12, the juvenile court referenced *State v. Phillips*, 12th Dist. Clinton No. CA2009-03-001, 2010-Ohio-2711, and opined that *Phillips* was "on point with this matter[.]" (Tr. 407.) In *Phillips*, the juvenile defendant was charged with committing a theft offense of more than $100,000. In challenging the juvenile court's probable cause determination on appeal, the defendant argued that the state failed to "present physical evidence or eyewitness testimony regarding the appellant's involvement in any of the acts which constituted the theft offense." *Id.* at ¶ 15. The Twelfth District held that the state presented sufficient credible evidence to demonstrate probable cause that appellant stole a number of items of property for which he was charged based on the state's evidence that appellant was in possession of the items of property after the incidents occurred.

{¶ 99} In the instant matter, the juvenile court applied the *Phillips* rationale during its probable cause analysis, finding the case to be on point and persuasive authority. The state presented evidence that appellant was in possession of L.M.'s cell phone after the robbery, and he had the PIN number associated with the cell phone. L.M. testified that the assailant that stole her cell phone ordered her to disclose the PIN number required to access the phone.

{¶ 100} Investigators learned that an individual attempted to sell L.M.'s stolen cell phone at Tones Wireless Shop, and Detective Kevin Warnock identified appellant in surveillance video from Tones Wireless Shop with 100 percent certainty.

{¶ 101} Based on its finding that the state established probable cause to believe that appellant committed the offenses pertaining to L.M., the juvenile court also found probable cause on the offenses pertaining to E.W. The juvenile court explained that appellant "was present during the time of this incident and participated with the other alleged co-delinquent or co-defendant, and thus the complicity argument for the Aggravated Robbery with a one- and three-year gun spec has been established for Count 13." (Tr. 415.) The juvenile court also found probable cause on Counts 15, 17, and 20 based on a complicity theory.

{¶ 102} Based on the foregoing analysis, appellant's fifth assignment of error is overruled with respect to Counts 12-17 and 20.

### ii. Counts 22, 23, and 25

{¶ 103} Appellant argues that the state failed to present sufficient evidence to support the juvenile court's complicity findings on Counts 22, 23, and 25. These counts pertained to the January 28, 2018 robbery of Spectrum Cable employee M.R. As noted above, in relation to this incident, the juvenile court found probable cause on Counts 21, 22, 23, and 25, and no probable cause on Count 24.

{¶ 104} Appellant was charged in Count 21 with aggravated robbery and complicity as to the one- and three-year firearm specifications. Appellant was charged in Count 22 with kidnapping with one- and three-year firearm specifications. Appellant was charged in Count 23 with robbery with one- and three-year firearm specifications. Appellant was charged in Count 24 with having

weapons while under disability. Appellant was charged in Count 25 with theft with one- and three-year firearm specifications.

{¶ 105} The juvenile court concluded that the state established probable cause to believe that appellant committed the offense of kidnapping, robbery with one- and three-year firearm specifications, and theft with one- and three-year firearm specifications under a complicity theory.

{¶ 106} After reviewing the record, we find that the state presented sufficient credible evidence to establish probable cause on Counts 22, 23, and 25. M.R. testified that he was robbed at gunpoint by two individuals. The assailants took his wallet and credit cards. The state presented evidence at the probable cause hearing that appellant used M.R.'s stolen credit card immediately after the robbery at the One Stop Shop, approximately one-half of a mile from the residence where M.R. was robbed.

{¶ 107} M.R. also identified Courdell Walcott from a photo array as one of the two assailants that robbed him. Walcott was identified by V.F., the victim of the January 21, 2018 robbery in Solon, as the masked assailant that approached him at gunpoint in the driveway where V.F. was making a delivery. The state presented evidence at the probable cause hearing from which it can reasonably be inferred that appellant and Walcott are associates and accomplices. Appellant and Walcott were identified by Detective Kristi Harvey in Walmart surveillance footage purchasing a television with V.F.'s stolen credit card.

{¶ 108} Based on the foregoing analysis, appellant's fifth assignment of error is overruled with respect to Counts 22, 23, and 25.

### b. Counts 5-11

{¶ 109} Appellant argues that the state failed to present sufficient evidence to support the juvenile court's probable cause determinations on Counts 5-11. These counts pertained to the November 13, 2017 robbery of J.G. As noted above, the juvenile court found probable cause on Counts 6-11, and no probable cause on Count 5.

{¶ 110} Appellant was charged in Counts 6-11 with: (6) aggravated robbery, (7) aggravated burglary, (8) robbery, (9) kidnaping, (10) felonious assault, and (11) possessing criminal tools.

{¶ 111} After reviewing the record, we find that the state presented sufficient credible evidence to establish probable cause on Counts 6-11. As noted above, J.G. identified appellant from a photo array as one of the two assailants that broke into his home and attacked him. The assailants assaulted J.G. inside his home, rummaged through his pockets, and stole other items from the house. (Tr. 351, 364.)

{¶ 112} The state presented evidence at the probable cause hearing regarding the severe injuries sustained by J.G. as a result of the violent assault. J.G. spent two weeks in the hospital where he received treatment for his injuries. After he was discharged from the hospital, J.G. spent an additional two weeks for rehabilitation. Finally, regarding the kidnapping and possessing criminal tools counts, the state

presented evidence that the assailants duct-taped J.G. to a chair and continued to beat him while committing the theft offense.

{¶ 113} Based on the foregoing analysis, appellant's fifth assignment of error is overruled with respect to Counts 6-11.

### c. Counts 47-58

{¶ 114} Appellant argues that the state failed to present sufficient evidence to support the juvenile court's probable cause determinations on Counts 47-58. These counts pertained to the February 7, 2018 robbery of D.W. and W.W. As noted above, the juvenile court found probable cause on Counts 47, 49, 50, 51, 52, 54, and 55, and no probable cause on Counts 48, 53, and 56. Counts 57 and 58 were dismissed, so probable cause was not found on these counts.

{¶ 115} Appellant was charged with the following offenses: Count 47, aggravated robbery; Count 49, kidnapping; Count 50, kidnapping; Counts 51, 52, and 54, felonious assault; Count 55, aggravated burglary.

{¶ 116} After reviewing the record, we find that the state presented sufficient credible evidence to establish probable cause on Counts 47, 49, 50, 51, 52, 54, and 55. D.W. identified appellant as the individual that assaulted her in the driveway with certainty. The juvenile court emphasized that "[D.W.] was adamant, passionate about the fact that Mr. Eddie Burns was the person who committed that offense against her and her husband." (Tr. 424.)

{¶ 117} The state presented evidence at the probable cause hearing that appellant was arrested mere minutes after the assault involving D.W. and W.W. in

the basement of a residence across the street. Investigating officers, who happened to be in the area investigating a stolen vehicle, encountered appellant and saw him run inside the residence. Officers gained entry into the residence and located appellant hiding in the basement. Appellant fit the description D.W. provided to the police. Appellant was in possession of credit cards belonging to D.W.

{¶ 118} The state presented evidence regarding the severe injuries sustained by D.W. and W.W. W.W. sustained a concussion and more than six fractures, including a broken nose and fractured facial bones during the assault. D.W. sustained a laceration on her forehead that required stitches. She also suffered several contusions during the assault.

{¶ 119} Based on the foregoing analysis, appellant's fifth assignment of error is overruled with respect to Counts 7, 49, 50, 51, 52, 54, and 55.

### 4. Manifest Weight

{¶ 120} Finally, in challenging the juvenile court's probable cause findings, appellant appears to challenge the juvenile court's determinations regarding the credibility of the state's witnesses. As noted above, this court defers to the juvenile court's credibility determinations. *In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629, at ¶ 51. Therefore, to the extent that appellant argues that the state's witnesses were not credible, we reject this argument.

{¶ 121} Appellant's manifest weight of the evidence argument is misplaced in the context of the juvenile court's probable cause determinations and our review thereof.

"[O]nce the State has established probable cause as to each element of the offense charged, the State has satisfied its burden, and the juvenile court must bindover the case [or, for a discretionary bindover offense, proceed to the considerations set forth in R.C. 2152.12(C), (D), and (E)]." *State v. Hairston*, 10th Dist. Franklin No. 08AP-735, 2009-Ohio-2346, ¶ 19, citing *A.J.S.*[, at ¶ 46], citing *Iacona*, 93 Ohio St.3d at 93, 95, 752 N.E.2d 937. "[T]he state has no burden to disprove alternate theories of the case at a bindover proceeding." *A.J.S.* at ¶ 61, citing *Iacona* at 96. *Accord, In re R.N.*, 6th Dist. Lucas No. L-17-1301, 2018-Ohio-5006, ¶ 16. Rather, "[t]hat question would be reserved for ultimate adjudication by the trier-of-fact at trial in the general division of the common pleas court." *Hairston* at ¶ 19, citing *A.J.S.* Therefore, based on these principles, a manifest weight analysis has no place in reviewing a juvenile court's probable cause determination.

*Starling*, 2d Dist. Clark No. 2018-CA-34, 2019-Ohio-1478, at ¶ 46.

{¶ 122} Based on the foregoing analysis, appellant's fifth assignment of error is overruled with respect to his manifest weight of the evidence and credibility arguments.

## E. Cumulative Error

{¶ 123} In his sixth assignment of error, appellant argues that the cumulative effect of the juvenile court's errors deprived him of his right to a fair probable cause hearing.

Under the doctrine of cumulative error, a conviction will be reversed when the cumulative effect of errors in a trial deprives a defendant of the constitutional right to a fair trial even though each of the errors does not individually constitute cause for reversal. *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶ 132; *State v. Garner*, 74 Ohio St.3d 49, 64, 656 N.E.2d 623 (1995). However, the doctrine of cumulative error is inapplicable when the alleged errors are found to be harmless or nonexistent. *Id.*; *State v. Brown*, 100 Ohio St.3d 51, 2003-Ohio-5059, 796 N.E.2d 506, ¶ 48.

*State v. Shine*, 2018-Ohio-1972, 113 N.E.3d 160, ¶ 141 (8th Dist.).

{¶ 124} In the instant matter, based on our resolutions of appellant's first, second, third, fourth, and fifth assignments of error, the cumulative error doctrine is inapplicable. Accordingly, appellant's sixth assignment of error is overruled.

### III. Conclusion

{¶ 125} After thoroughly reviewing the record, we affirm appellant's convictions. The juvenile court did not err in denying appellant's motion to sever. Appellant's convictions are not void for lack of jurisdiction. The juvenile court did not err in denying defense counsel's motion to suppress. The state presented sufficient evidence of probable cause to believe that appellant committed the offenses charged in the complaint.

{¶ 126} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

FRANK D. CELEBREZZE, JR., JUDGE

SEAN C. GALLAGHER, P.J., and
RAYMOND C. HEADEN, J., CONCUR